[Civ. No. 63365. Second Dist., Div. Two. Sept. 21, 1982.]

FLUOR DRILLING SERVICE, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
IOANNIS DIAVATIS, Real Party in Interest.

COUNSEL

Keesal, Young & Logan and Scott T. Pratt for Petitioner.

No appearance for Respondent.

Olney, Levy & Kaplan and Jay A. Kaplan for Real Party in Interest.

## OPINION

**BEACH, J.**—Petition to compel trial court to dismiss action for failure of plaintiff to bring case to trial within five years (Code Civ. Proc., § 583, subd. (b)).

### FACTS:

Within a little more than two months from the end of the five-year period described in Code of Civil Procedure section 583, subdivision (b),[1] plaintiff filed a written "request that this case be submitted to arbitration as provided in California Rules of Court ... and in the Code of Civil Procedure and agrees that the arbitration award shall not exceed the sum of $15,000...."

Notice by the arbitration administrator that the case was submitted pursuant to section 1141.10 was sent to all counsel, and on November 12, 1980, an arbitration award was filed. The award was made two days after the presumptive five-year anniversary of the filing of the complaint. Defendant demanded trial de novo as entitled to do so under section 1141.20. Trial setting conference was held on December 19, 1980, and at that time the matter was set for trial on June 26, 1981. On June 26 prior to the assignment to a trial department, defendant moved to dismiss the action for failure to prosecute within the five-year period of time. The matter was set for hearing on July 16, 1981. At the hearing defendant's motion was denied and on July 30 the matter was set for trial on October 29, 1981. Prior to the trial date defendant (petitioner herein) filed a petition with this court to prohibit the trial court from proceeding with such trial.

### DISCUSSION:

■ Both petitioner and real party in interest are off the mark in their statement that the arbitration at bench was not being court-ordered. To the contrary, all of chapter 2.5, title 3, part 3 of the Code of Civil Procedure (§ 1141.10 et seq.) relate to judicial arbitration as distinguished from contractual arbitration. Real party in interest specifically requested the court that the matter be submitted to arbitration and stipulated that the award could be less than $15,000. The request

---

[1]All references to code sections, unless otherwise indicated, are to the Code of Civil Procedure.

clearly invoked the power of the court to submit the case to judicial arbitration. The statute and rule specifically command that upon such an election of plaintiff to submit to arbitration as did the plaintiff here, the court "shall" submit the matter to arbitration. The submission to arbitration was a court-ordered arbitration. (§ 1141.12; rule 1600(b), Cal. Rules of Court.) Accordingly, section 1141.17 applies to this case. That section provides in pertinent part applicable here that "[s]ubmission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

We have recently explained in the case of *Moran* v. *Superior Court** (Cal.App.) filed this date, that the tolling there provided was not limitless and continuing until plaintiff chose to act. Rather, as we explained there, after the tolling period expires, the statutory time of five years within which plaintiff must bring his or her case to trial continues to "run", i.e., be used up, and the operation of section 583, subdivision (b) will bar plaintiff after the five years, not counting within the five-year time: (1) tolled arbitration time under section 1141.17; and (2) an additional reasonable amount of time necessary to prosecute plaintiff's case. (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829]; *Moran* v. *Superior Court** (Cal.App.)) The additional tolled arbitration time is given to plaintiff by operation of law, but the amount of additional, reasonable time (item 2 above) is something that plaintiff must affirmatively establish. As we stated in *Moran** (Cal.App.), it is a plaintiff's duty to prosecute his or her case. The burden does not rest on the defendant to act to get the matter to trial.

Here, real party in interest asserts that defendant (petitioner) by asking for trial de novo somehow waived this protected position. There is no implied waiver by an action which is necessary to protect one's rights under the law. (*Holt* v. *Pardue* (1960) 178 Cal.App.2d 528 [3 Cal.Rptr. 225]; see also cases listed in *Moran* v. *Superior Court** (Cal.App.).) This case is governed by the rules and principles which we reviewed in *Moran** (Cal.App.). Here, too, plaintiff made no showing that he moved promptly to try the case or to move to set the case for trial by special setting (Cal. Rules of Court, rule 225) or that he brought to the attention of the trial court the problem of the five-year statute of limitations. There is absolutely no record of any evidence pre-

*Reporter's Note: Hearing granted, for Supreme Court opinion see 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216].

sented or any effort to show that plaintiff was unable or that it was impossible or impracticable for plaintiff to bring the matter to trial before the trial date of eight months after the award. Plaintiff did not move to specially set the case for early trial based on the five-year problem. Defendant had no affirmative burden to do so. The court abused its discretion in setting the matter for trial many months beyond the expiration of the five-year period even allowing for the tolling of the arbitration time and a reasonable time thereafter for adequate preparation.

Let a writ issue directing the trial court to dismiss the action of plaintiff for failure to bring the matter to trial within the period of time described in section 583, subdivision (b) or within a reasonable period of time thereafter.

Compton, J., concurred.

**ROTH, P. J.**—I dissent for the reasons stated in my dissent in *Moran* v. *Superior Court* (Cal.App.).