[Civ. No. 65547. Second Dist., Div. Seven. Mar. 18, 1983.]

ANN CLIFFORD DAVENPORT, Plaintiff and Appellant, v.
VIDO ARTUKOVICH & SON, INC., et al., Defendants and Respondents.

COUNSEL

Maurice C. Sparks for Plaintiff and Appellant.

James Cusick for Defendants and Respondents.

OPINION

**SCHAUER, P. J.**—Plaintiff appeals from a judgment (order) of dismissal entered pursuant to Code of Civil Procedure section 583, subdivision (b).[1]

The case being submitted under California Rules of Court, rule 17(b), we accept as true the appellant's statement of facts labeled "Chronology." The complaint in this personal injury action was filed on April 16, 1976, naming several defendants. Although plaintiff filed an at-issue memorandum on January 20, 1978, the litigants engaged in subsequent discovery proceedings and motions, and no trial date or trial setting conference was ever obtained or requested. After the lapse from the time of filing the complaint of more than four years and eleven months, on April 2, 1981, plaintiff filed an election to arbitrate under Code of Civil Procedure section 1141.12, subdivision (b)(ii), and California Rules of Court, rule 1600(b). On July 22, 1981, a notice of selection of arbitrator was served by the Los Angeles Superior Court Arbitration Administrator on counsel for plaintiff and defendants. On July 29, 1981, the trial court entered its order of dismissal as to all defendants. Notice of assignment of Donald R. Brown as arbitrator was issued on August 6, 1981.

The sole contention of appellant is that the trial court abused its discretion in ordering the Code of Civil Procedure section 583, subdivision (b) dismissal of July 29, 1981, since appellant's counsel was misled into a good faith belief that the time period specified in Code of Civil Procedure section 583, subdivision (b), was tolled by the court's assignment of an arbitrator.

We first consider plaintiff's contention regarding reliance on the trial court's assignment of an arbitrator, and secondly we treat an issue not directly raised by plaintiff concerning whether the filing of the election to arbitrate tolled the five-year statutory period.

---

[1]"Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action . . . ."

■ *The record does not establish that appellant was misled.*

Unless tolled by the filing of the election to arbitrate, the five-year statutory period expired before the arbitrator was assigned. In fact, the election to arbitrate was filed with only fourteen days remaining in the five years. No action was taken by the trial court between the filing of the election to arbitrate on April 2 and the lapse of the five years on April 16. The trial court's arbitration office transmittal to counsel of its notice of selection of arbitrator and the assignment of the arbitrator took place after April 16. Such notice and assignment were bureaucratic and ministerial responses to the filing of the election to arbitrate and could not have misled plaintiff in any manner, especially inasmuch as they occurred after the lapse of the five-year statutory period.

Plaintiff's counsel does not suggest in what manner he relied upon any response of the trial court to the filing of the election to arbitrate. Inferentially, any such reliance must have resulted in a forbearance to bring the case to trial within the five-year period. But since the first responsive action, the notice of selection of arbitrator, occurred after more than five years had expired, there could not have been any such forbearance in reliance upon the trial court's action. Moreover, the filing of the election to arbitrate occurred without sufficient time remaining in the five years to provide a defendant with notice of trial which would accommodate concepts of due process or the fifteen days required by Code of Civil Procedure section 594.[2]

*Brown* v. *Engstrom* (1979) 89 Cal.App.3d 513 [152 Cal.Rptr. 628], cited by plaintiff, is inapposite because the 5-year period in the case at bench expired 14 days after submission to arbitration whereas the *Brown* decision rests on administrative delay in implementing arbitration during some 10 months before expiration of the statutory time period. Moreover, plaintiff here raises no specific contention as to impossibility, impracticability or futility in proceeding to trial within the five years.

*The tolling provisions of Code of Civil Procedure section 1141.17 do not apply in cases of elective arbitration.*

---

[2]"(a) In superior, municipal, and justice courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with his case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . ."

Code of Civil Procedure section 1141.17[3] and California Rules of Court, rule 1601(d),[4] provide for tolling of Code of Civil Procedure section 583 periods. Another division of this district recently construed the tolling provision of section 1141.17[5] to apply to a case brought to arbitration by plaintiff's election to arbitrate. (*Fluor Drilling Service* v. *Superior Court* (1982) 135 Cal.App.3d 1009, at pp. 1011-1012 [186 Cal.Rptr. 9].) On that point we take a view contrary to the *Fluor Drilling Service* case. ■ We hold that the tolling provisions in the second sentence of Code of Civil Procedure section 1141.17 and in rule 1601(d) do not apply to arbitration commenced by plaintiff's election under section 1141.12, subdivision (b)(ii), and California Rules of Court, rule 1600(b).

Chapter 2.5, title 3, part 3 (§ 1141.10 et seq.) and the implementing California Rules of Court (rule 1600 et seq.) provide for a system of judicial arbitration independent from the historical contractual arbitration referred to in title 9, part 3 (§ 1280 et seq.). The judicial arbitration legislation establishes three methods of bringing a case to arbitration. Two of these methods are "consensual," that is, they are initiated at the option of one or both of the parties. The first such "consensual" method is contractual, occurring on the "stipulation of the parties" (§ 1141.12, subds. (a) and (b)(i)); the second such method is initiated by plaintiff's election (§ 1141.12, subd. (b)(ii)). The third method of initiating arbitration is "compulsory" rather than "consensual," namely, court-ordered arbitration (§ 1141.11). This occurs upon a determination by the court, at a conference at which the parties are present or represented by counsel, that the amount in controversy does not exceed the specific statutory sum (§§ 1141.11, 1141.16) and that no exceptions or exemptions from arbitration are invoked (§ 1141.15, rule 1600.5). Such determination by the court is crystalized through a court order to arbitrate.

In the instance of compulsory arbitration, it is not possible to insure that the court will order the case assigned to arbitration sufficiently early so that it will be arbitrated before the expiration of the section 583 statutory periods. Hence, there is the need for a tolling provision. On the other hand, the timing of initiating arbitration through the consensual modes is, of course, within the

---

[3] "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

[4] "When pursuant to subdivision (c) an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."

[5] All references are to the California Code of Civil Procedure unless otherwise specified.

control of the litigants and hence does not require the same tolling protection as in the case of compulsory arbitration.

Obviously, an action entering arbitration after years of litigation ordinarily has incurred substantially more expense and labor than a newly filed case; a major purpose of arbitration is to avoid such labor and expense. (§ 1141.10.[6]) Accordingly, it would seem unwise policy to encourage a delay in commencement of arbitration by permitting a plaintiff (or cross-complainant) to wait until the eleventh hour in the statutory life of an action before instituting arbitration by unilateral election while enjoying the protection of the tolling of the diligent prosecution statute (§ 583). And California Rules of Court, rule 1601(b),[7] encourages an election by the time of filing of the at-issue memorandum.

In aid of what we perceive as the legislative intent, we construe section 1141.17 to toll only by compulsory arbitration as distinguished from the consensual modes of plaintiff's election and stipulation. The second sentence of section 1141.17 expressly refers to ". . . arbitration pursuant to a court order. . . ." The court in *Fluor Drilling Service, supra,* 135 Cal.App.3d 1009, at page 1012, held both consensual and compulsory modes of arbitration under chapter 2.5, title 3, part 3, to be "court-ordered arbitration" because the legislation mandates arbitration upon plaintiff's election or upon stipulation. We differ with this conclusion and read the statute's reference to ". . . a court order" to have a more narrow meaning, namely, compulsory arbitration under section 1141.11. Thus, we give purpose to the legislative insertion in section 1141.17 of the phrase "pursuant to a court order" which could have been omitted without a change in effect under the *Fluor Drilling Service* construction. ■ "In determining the interpretation to be given a statute, the presumption exists that every word, phrase and provision employed in the statute is intended to have meaning." (*Liptak* v. *Diane Apartments, Inc.* (1980) 109 Cal.App.3d 762 at p. 770 [167 Cal.Rptr. 440].)

Our interpretation is assisted by section 1141.11, which expresses the legislative purpose that actions subject thereto ". . . shall be submitted to arbitration, by the . . . judge" while there is no such language directing cases brought to arbitration by election or stipulation to be submitted *by the judge* or *by the court.* Furthermore, although trial courts do issue (minute) orders di-

---

[6]This purpose is explicitly stated in the text of section 1141.10, which begins: "The Legislature finds and declares that litigation involving small civil claims has become so costly and complex as to make more difficult the efficient resolution of such civil claims[,] that courts are unable to efficiently resolve the increased number of cases filed each year, and that the resulting delays and expenses deny parties their right to a timely resolution of minor civil disputes. . . ."

[7]"Upon written request of a plaintiff to submit an action to arbitration, the action shall be placed on the arbitration hearing list subject to a motion by defendant for good cause to delay the arbitration hearing. The request shall be filed at the time the at-issue memorandum is filed, or at such later date as is permitted by the court. . . ."

verting section 1141.11 cases to arbitration, there is no practice known to us by which any court order is issued submitting cases to arbitration through either stipulation or election. Unlike the *Fluor Drilling Service* court, we disavow the proposition that the several modes of initiating arbitration under the judicial arbitration chapter of the Code of Civil Procedure (§ 1141.10 et seq.) all are to be characterized as "court-ordered."

More importantly, the Judicial Council of California also construed the statutory scheme for judicial arbitration to exclude from the section 1141.17 tolling those cases brought to arbitration by plaintiff's election and by stipulation. California Rules of Court, rule 1601(d) provides for tolling of actions ". . . pursuant to subdivision (c)" and subdivision (c) of rule 1601 expressly excludes cases involving ". . . a stipulation or *a request by plaintiff to submit to arbitration.*" (Italics added.) Subdivision (c) of rule 1601 instead concerns only section 1141.11 cases, i.e., compulsory or court-ordered arbitration. Thus, the Judicial Council, in carrying out its rule-making powers invoked by section 1141.14, interpreted the section 1141.17 tolling provision as inapplicable to an action submitted to arbitration through a plaintiff's election. ■ Such contemporaneous construction of a statute by an agency charged with its implementation and interpretation is entitled to great weight unless it is clearly erroneous or unauthorized. (Cf., e.g., *Rivera* v. *City of Fresno* (1971) 6 Cal.3d 132, at p. 140 [98 Cal.Rptr. 281, 490 P.2d 793].)

Additionally, the Los Angeles Superior Court's Arbitrator's Handbook, adopted by its Executive Committee in 1982, states the proposition with clarity: "1.5 TOLLING OF FIVE-YEAR MANDATORY DISMISSAL STATUTE (C.C.P. 583)

"Submission to arbitration pursuant to court order within six months of the expiration of the five-year period for mandatory dismissal shall toll the running of such period until the filing of the arbitration award. Where arbitration is initiated by election or stipulation, the five-year statutory period is not tolled. [§ 1141.17.]"

We join in the interpretation of the Judicial Council and the Los Angeles Superior Court's official manual.

*Conclusion*

It would frustrate the legislative purposes of the diligent prosecution statutes as well as of judicial arbitration to allow plaintiff to avoid the bar of section 583, subdivision (b), by the expedient of a unilateral election to arbitrate filed during the last half of the 60th month of litigation. Creation of such a last-minute escape hatch from the diligent prosecution statute would be an invitation to delay.

We observe, as did the court in *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 at page 898 [163 Cal.Rptr. 325]: "Furthermore, respondent should not be exposed to the harm to its case from the dimming memories of its witnesses who have waited for five years for an opportunity to testify, in vain.

"All of this finds the court unsympathetic to the contention of appellant that he had been deprived of his day in court. The court must point out that such deprivation was caused by his own lack of reasonable diligence. Appellant has not sustained his burden of showing proof that the trial court abused its discretion in dismissing the action and arbitration."

The judgment (order) of dismissal is affirmed.

Thompson, J., and Johnson, J., concurred.