*44
 
 Opinion
 

 MORRIS, P. J.
 

 In this case we are asked to determine whether plaintiff’s election to submit to arbitration under Code of Civil Procedure section 1141.12
 
 [1]
 
 operated to toll the running of the five-year period in which plaintiff was required to bring his action to trial under section 583, subdivision (b). We conclude that it did not.
 

 Facts
 

 Plaintiff was injured on February 29, 1976, while an inmate at the Glen Helen Rehabilitation Center in the County of San Bernardino. Plaintiff and other inmates had been escorted onto a truck by a deputy sheriff for transport. The deputy proceeded to drive the truck, but upon his release of the clutch, the truck lunged forward approximately two feet and struck an overhang. This was the alleged cause of plaintiffs injuries.
 

 On August 5, 1976, plaintiff filed a complaint which charged the County of San Bernardino (County) with negligence and prayed for damages for his injuries. The County’s answer was filed on November 24, 1976. On March 14, 1978, the County filed with the court and sent to plaintiff a request for the specific amount of damages claimed. Plaintiff filed an “At Issue Memorandum,” on September 11, 1978, requesting that the case be set for trial, and answered the County’s request for the amount of damages claimed on October 12,1978. Soon thereafter, plaintiff requested a settlement conference. The conference was held on January 18, 1979. Although both counsel appeared at the conference, plaintiff did not. Plaintiffs counsel requested, and was granted, a continuance so that he might find his client. The conference was continued to February 5, 1979, at which time no settlement was reached.
 

 On April 1, 1981, four years and eight months after the complaint was filed, plaintiff filed his “Election to Judicial Arbitration” under section 1141.12. In so doing, he expressly consented that his award not exceed $15,000. On July 15, 1981, the day set for arbitration, plaintiffs counsel appeared and requested a continuance so that he might locate his client. The continuance was granted, during which time plaintiff was located in the Riverside County jail. Because plaintiff would not be released from jail until September 4, 1981, arbitration was continued until September 17, 1981. On September 17th, arbitration was finally held and, on September 18th, the arbitrator awarded plaintiff damages of $750.25.
 

 
 *45
 
 Under the belief that the arbitration had tolled the running of the five-year statute (which, otherwise, had expired on Aug. 5, 1981), plaintiff refused the arbitrator’s award and demanded that his case be restored to active calendar. On October 30, 1981, plaintiff filed a motion for an early trial date, and set forth his concern that the five-year statute would soon expire. Over the County’s argument that plaintiff’s counsel had neglected the case and should not be allowed to proceed, the court granted plaintiff’s motion.
 

 Thereafter, a trial date was set. The trial date was set after the original expiration date of the five years, but within an appropriate time if tolling had occurred during arbitration. Prior to trial and after an unsuccessful mandatory settlement conference, the County filed a motion to dismiss for failure to prosecute within the five-year period mandated by section 583, subdivision (b).
 

 Plaintiff defended on the basis of the second sentence of section 1141.17 which provides that court-ordered arbitration tolls the running of the statutory period. Plaintiff also contended that, because there is no procedure for leaving arbitration after entering into it, compliance with section 583, subdivision (b) was impossible. The court granted the County’s motion and held that because plaintiff had elected arbitration it was not “court-ordered” within the meaning of section 1141.17 and it did not toll the statutory period. This appeal followed.
 

 Discussion
 

 Section 1141.17 provides, in pertinent part, that “Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award.”
 

 Before this court are two conflicting interpretations of section 1141.17. In
 
 Fluor Drilling Service, Inc.
 
 v.
 
 Superior Court
 
 (1982) 135 Cal.App.3d 1009 [186 Cal.Rptr. 9], the second division of the second appellate district interpreted the tolling provisions of section 1141.17 to be applicable to consensual as well as compulsory arbitration. More recently, in
 
 Davenport
 
 v.
 
 Vido Artukovich & Son, Inc.
 
 (1983) 141 Cal.App.3d 60 [190 Cal.Rptr. 64], the seventh division of the second appellate district took the opposite position.
 

 In
 
 Fluor,
 
 plaintiff elected judicial arbitration under section 1141.12 approximately two months prior to the expiration of the five-year period. Arbitration was held and the award was made two days after the five-year period expired. The matter was then set for trial and defendant moved that the case be dismissed for plaintiffs failure to comply with the five-year statute. The trial court denied the motion and defendant sought a writ of prohibition.
 

 
 *46
 
 With regard to the applicability of section 1141.17’s tolling provisions to plaintiff-elected judicial arbitration under section 1141.12, the court stated: “Both petitioner and real party in interest are off the mark in their statement that the arbitration at bench was not being court-ordered. To the contrary, all of chapter 2.5, title 3, part 3 of the Code of Civil Procedure (§ 1141.10 et seq.) relate to judicial arbitration as distinguished from contractual arbitration. Real party in interest specifically requested the court that the matter be submitted to arbitration and stipulated that the award could be less than $15,000. The request clearly invoked the power of the court to submit the case to judicial arbitration. The statute and rule specifically command that upon such an election of plaintiff to submit to arbitration as did the plaintiff here, the court ‘shall’ submit the matter to arbitration. The submission to arbitration was a court-ordered arbitration. (§ 1141.12; rule 1600(b), Cal. Rules of Court.) Accordingly, section 1141.17 applies to this case. That section provides in pertinent part applicable here that ‘ [submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award.’”
 
 (Id.,
 
 135 Cal.App.3d at pp. 1011, 1012.) However, the court issued the writ on grounds that plaintiff had failed to exercise due diligence in securing an early trial date subsequent to the expiration of the statutory period.
 

 In
 
 Davenport,
 
 plaintiff had elected judicial arbitration only fourteen days prior to the five-year expiration date. Two months thereafter, and prior to arbitration, the trial court entered its order of dismissal. The Court of Appeal affirmed. It found that “The judicial arbitration legislation [§ 1141.10, et seq.] establishes three methods of bringing a case to arbitration. Two of these methods are ‘consensual,’ that is, they are initiated at the option of one or both of the parties. The first such ‘consensual’ method is contractual, occurring on the ‘stipulation of the parties’ (§ 1141.12, subds. (a) and (b)(i)); the second such method is initiated by plaintiffs election (§ 1141.12, subd. (b)(ii)). The third method of initiating arbitration is ‘compulsory’ rather than ‘consensual,’ namely, court-ordered arbitration (§ 1141.11).”
 
 (Davenport
 
 v.
 
 Vido Artukovich & Son, Inc., supra,
 
 141 Cal.App.3d at p. 64.)
 

 The court went on to note that section 1141.11 requires the court to determine whether the amount in controversy exceeds a certain statutory sum and whether any valid exceptions to arbitration are present. Upon satisfaction of these statutory requirements, the court must order the case to arbitration; neither the court nor the parties are left any choice. Where this occurs, it is difficult to insure that the arbitration will be ordered sufficiently early so that arbitration will be completed prior to the expiration of the five-year statute.
 

 Yet when consensual arbitration is entered into, the timing of arbitration, although subject to court approval, is largely within the litigants’ control, “and
 
 *47
 
 hence does not require the same tolling protection as in the case of compulsory arbitration.”
 
 (Id.,
 
 at p. 65.)
 

 The
 
 Davenport
 
 court recognized the legislative intent to encourage arbitration whenever possible, but found that this purpose was not served by “encourag[ing] delay in commencement of arbitration by permitting a plaintiff. . . to wait until the eleventh hour in the statutory life of an action before instituting arbitration by unilateral election while enjoying the protection of the tolling of the diligent prosecution statute (§ 583).”
 
 (Ibid.)
 

 The court further rested its decision on the Legislature’s insertion of the phrase “pursuant to a court order.” It concluded that because this phrase “could have been omitted without a change in effect under the
 
 Fluor Drilling Service
 
 construction”
 
 (ibid.),
 
 it must refer to compulsory arbitration under section 1141.11.
 

 The court noted that California Rules of Court, rule 1601, supports this interpretation. “California Rules of Court, rule 1601(d) provides for tolling of actions ‘. . .pursuant to subdivision (c)’ and subdivision (c) of rule 1601 expressly excludes cases involving ‘. . . a stipulation or
 
 a request by plaintiff to submit to
 
 arbitration.’ (Italics added.) Subdivision (c) of rule 1601(d) instead concerns only section 1141.11 cases, i.e., compulsory or court-ordered arbitration.”
 
 (Id.,
 
 at p. 66.) Finally, the court found additional support for its interpretation in the Los Angeles Superior Court’s Arbitrator’s Handbook which specifically notes that consensual judicial arbitration does not toll the five-year period.
 
 (Ibid.)
 

 We find the court’s analysis in
 
 Davenport
 
 persuasive and, therefore, adopt its interpretation of the section. However, the determination that the instant plaintiff’s election to arbitrate did not toll the statutory period under section 1141.17 does not, by itself, resolve the question whether the period was tolled during arbitration. The instant plaintiff, unlike the plaintiff in
 
 Davenport,
 
 contends that his election to arbitrate made it impossible for him to comply with the five-year statute.
 

 This contention raises the issue whether a good faith election to arbitrate can be used as an excuse for failure to comply with the five-year statute and, thus, toll the running thereof under the judicially created tolling doctrine of “impossibility, impracticability, and futility.” We hold that it can so operate when certain criteria are met. (See, e.g.,
 
 Apollo Plating, Inc.
 
 v.
 
 Superior Court
 
 (1982) 135 Cal.App.3d 1019, 1022 [186 Cal.Rptr. 12];
 
 Brown
 
 v.
 
 Engstrom
 
 (1979) 89 Cal.App.3d 513 [152 Cal.Rptr. 628].)
 

 In
 
 Hocharian
 
 v.
 
 Superior Court
 
 (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], the Supreme Court made clear that the critical question in ap
 
 *48
 
 plying any of these exceptions to a given factual situation “is whether a plaintiff used reasonable diligence in prosecuting his or her case.”
 
 (Id.,
 
 at p. 722.) An example of reasonable diligence was found in
 
 Brown
 
 v.
 
 Engstrom, supra,
 
 89 Cal.App.3d 513, where the parties stipulated to arbitration on October 7, 1976, but were not notified of available arbitrators until May 20, 1977. Delay after delay occurred, largely due to the failure of officials to perform their duties adequately under the arbitration system. The court held that it was error for the trial court to dismiss the case under section 583, subdivision (b). The court noted that once plaintiff had submitted her case to arbitration, there was no available procedure to remove it therefrom and comply with the statute. Plaintiff also had a “right to rely upon the principle that official duty under the arbitration system would be performed as required by law.”
 
 (Id.,
 
 at p. 524.) Because plaintiff had used due diligence in prosecuting her case, and had exceeded the statutory period only due to the delay of the arbitration administrator, the doctrine of “impossibility, impracticability or futility” applied to toll the period during which plaintiff had been in arbitration.
 

 We have reviewed plaintiff’s pleadings and arguments in the court below, the transcript of plaintiff’s hearing on the motion to dismiss and plaintiffs argument on appeal. Thus, although the trial court granted defendant’s motion to dismiss without any factual finding as to the nature of plaintiffs conduct and without determining whether plaintiff exercised reasonable diligence in bringing his case to trial, we believe that the record before us is adequate to allow such a determination. (Cf.
 
 Hocharian
 
 v.
 
 Superior Court, supra,
 
 28 Cal.3d at p. 723.)
 

 We find, as a matter of law, that plaintiff failed to exercise reasonable diligence in bringing his case to trial. The mere fact that plaintiff was unable to remove his case from arbitration once he had entered into it is insufficient, alone, to support his claim of impracticability, futility and impossibility.
 
 [2]
 
 Plaintiff failed to appear at scheduled hearings twice during the course of the prosecution of his case. His attorney had to have proceedings continued twice so that he could locate plaintiff. Had plaintiff maintained contact with his attorney it is probable that he could have brought his case to trial prior to the expiration of die five year period. Furthermore, the fact that plaintiff again found himself in jail during this period is not sufficient to constitute impossibility. (See
 
 Brown
 
 v.
 
 Superior Court
 
 (1976) 62 Cal.App.3d 197 [132 Cal.Rptr. 916].) Had he made himself more available to his attorney from the outset of the case, this issue need never have been raised.
 

 
 *49
 
 The judgment is affirmed.
 

 McDaniel, J., and Rickles, J., concurred.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless otherwise indicated.
 

 [2]
 

 We recognize, however, that this is a factor which should be considered when determining whether the doctrine is applicable. It should be noted that this may not hold true for those actions filed on or after July 1,1979. The first sentence of section 1141.17 provides: “Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter.”