[Civ. No. 6956. Fifth Dist. Oct. 28, 1983.]

JAMES B. JOHNSON, Plaintiff, v.
DENNIS SANTOS, Defendant and Respondent;
TRAVELERS INSURANCE COMPANY, Intervener and Appellant.

**COUNSEL**

Hanna, Brophy, MacLean, McAleer & Jensen and Michael S. Balavage for Intervener and Appellant.

Levy, Mills & Lane, R. W. Levy, Jim D. Mills, George I. Lane and Richard A. Drace for Defendant and Respondent.

**OPINION**

**ANDREEN, Acting P. J.**—Plaintiff-employee, James B. Johnson, was injured during the course and scope of his employment while riding as a

passenger in a vehicle driven by a coemployee. He brought an action against a third party—defendant Dennis Santos. The workers' compensation insurer, Travelers Insurance Company, intervened. The employee elected arbitration. An award was made, but defendant Santos requested a trial de novo. (Code Civ. Proc., § 1141.20.)[1] Defendant then moved to dismiss due to the expiration of the five-year period (§ 583, subd. (b)),[2] which motion was granted. Travelers appeals the order of dismissal. We reverse.

## I. Facts

The salient facts may be set forth in outline form:

| | |
|---|---|
| August 12, 1976 | Complaint filed. |
| August 23, 1977 | Travelers intervened. |
| May 8, 1980 | Plaintiff elected arbitration. |
| August 7, 1981 | Award of arbitrator issued. |
| August 12, 1981 | Five years expired from the filing of the complaint. |
| August 27, 1981 | Defendant Santos requested a trial de novo. |
| December 2, 1981 | Case dismissed for failure to prosecute. |

## II. Was Travelers Aggrieved?

Without burdening his brief with citation of authority or relevant argument, defendant contends that Travelers "has no standing to appeal because it was not a party to the action which was dismissed." He bases this contention on the belief that as to the intervener the five-year time period in section 583, subdivision (b) begins running upon the filing of the complaint in intervention and not upon the filing of the plaintiff's original complaint. Therefore, it is argued, the intervener had more than eight months to continue with the prosecution of its own case after the dismissal was ordered.

Intervention is permitted to avoid delay and multiplicity of actions when claims are the same or substantially similar and arise out of the same facts. (*Elms* v. *Elms* (1935) 4 Cal.2d 681 [52 P.2d 223, 102 A.L.R. 811].) If section 583, subdivision (b) were construed to mean that the date

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Section 583, subdivision (b) provides in relevant part: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action . . . ."

of an intervener's cause of action is the date to begin the five-year period for bringing causes to trial, an intervener could file his complaint close to the end of the five-year period of the filing of the original complaint and extend the time in which defendant would be subject to litigation to close to ten years. This would defeat the purpose of avoiding delay.

Another illustration of the proposition that an intervener is subject to the same time limitations of the original plaintiff is that intervention has been allowed when the time period to file the claim has expired but the original complaint was filed in time. (*Harrison* v. *Englebrick* (1967) 254 Cal.App.2d 871, 875 [62 Cal.Rptr. 831].)

Since this case involves workers' compensation the question of when the five-year period provided in section 583 begins to run should be dealt with in accordance with the laws set up to deal with workers' compensation.

Labor Code section 3852 gives an employer who pays compensation benefits to an injured employee the right to bring an action against the third party responsible for the employee's injury. ■ "Employer" within this section includes the employer's compensation carrier. (*Fidelity & Cas. Co.* v. *McMurry* (1963) 217 Cal.App.2d 767 [32 Cal.Rptr. 243].)

Although the employer is given a right to sue, if both the employee and employer sue independently the actions must be consolidated. (Lab. Code, § 3853.)

The court in *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 872 [140 Cal.Rptr. 638, 568 P.2d 363], describes the scheme of workers' compensation: "The California workers compensation scheme not only fixes the right of an employee who suffers a job-related injury to recover compensation from his or her employer or fellow employees (see Lab. Code, §§ 3600, 3601) but also significantly defines the rights of action of both an employee and an employer in the event that a third party is responsible for the employee's injury. These statutory provisions are 'primarily procedural.' (*Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 . . . .) They seek to insure, first, that, regardless of whether it is the employee or the employer who sues the third party, both the employee and the employer recover their due, and, second, that, as far as possible, the third party need defend only one lawsuit.

"To these ends, the workers compensation statutes set up procedures which guarantee an employee and an employer notice of each other's action, authorize the employee and the employer to intervene in each other's lawsuit, provide for mandatory consolidation of separate employee and em-

ployer actions, and grant the employee and the employer the right to share in each other's judgment or settlement. The procedures governing notice, intervention, and mandatory consolidation are relatively straightforward."

The provisions of the Labor Code are consistent. At page 873, the *Sanfax* court, quoting in part from *Smith* v. *County of Los Angeles* (1969) 276 Cal.App.2d 156 [81 Cal.Rptr. 120], said: "Taken together with the notice, intervention, and consolidation procedures set out in Labor Code section 3853, these statutes attempt to insure that '[i]n either case, single or joint plaintiffs, there results but the one *total action*, and the defendant is put to his defense but once with the *totality* of recovery for his tortfeasance at issue.' "

*Sanfax* noted that "the statutes which prescribe employee and employer actions appear to have as one objective the goal of reducing the likelihood that a third party will be forced to defend more than one action." (*County of San Diego* v. *Sanfax, supra,* 19 Cal.3d at p. 881.)

█ We conclude, in light of the purpose of intervention and the scheme of workers' compensation, that the statutory five-year period of section 583, subdivision (b) for a workers' compensation complaint in intervention runs from the date of the filing of the original complaint, not from the time the complaint in intervention is filed. Thus, Travelers' appeal is not moot.

### III. WAS THE FIVE-YEAR PERIOD OF SECTION 583, SUBDIVISION (B) TOLLED DURING THE TIME PLAINTIFF'S CASE WAS IN ARBITRATION?

### A. AS TO PLAINTIFF

Subsequent to the filing of this action, and effective July 1, 1979, the Legislature enacted a procedure for judicial arbitration in chapter 2.5, title 3, part 3 (§ 1141.10 et seq.). It provides an expedited procedure for the resolution of smaller civil actions.

The legislation established three methods to bring a case to arbitration: (1) upon stipulation of the parties (§ 1141.12, subds. (a) and (b) (i)); (2) upon filing of an election to arbitrate by the plaintiff (§ 1141.12, subd. (b) (ii)) and (3) upon court order (§§ 1141.11 and 1141.16, subd. (a)). The first two methods are consensual; the last compulsory. (*Davenport* v. *Vido Artukovich & Son, Inc.* (1983) 141 Cal.App.3d 60, 64 [190 Cal.Rptr. 64].) Compulsory arbitration occurs upon a determination by the court, at a conference at which the parties are represented, that the amount in controversy does not exceed the specific statutory sum (§§ 1141.11, 1141.16) and that no exceptions or exemptions from arbitration are invoked (§ 1141.15; Cal.

Rules of Court, rule 1600.5). Such a judicial determination is formalized through a court order to arbitrate.

The Legislature provided for a tolling of the five-year time limitation for dismissal. Section 1141.17 reads: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

■ In the instant case, after plaintiff elected arbitration the court couched the submission to arbitration in the form of an order, i.e., the court ordered that the case be submitted to arbitration. When the Legislature said "pursuant to a court order" in the second sentence was it speaking to compulsory arbitration only or also to arbitration which is ordered after a plaintiff has elected to arbitrate? California Rules of Court,[3] rules 1601(c) and 1601(d) provide an answer to the question: "(c) Absent a stipulation or a request by plaintiff to submit to arbitration: (1) in superior courts, actions shall be placed on the arbitration hearing list at the conference when the court determines the amount in controversy, which conference shall be held no later than three months after the at-issue memorandum is filed and no later than 90 days before the date set for trial, whichever occurs first; (2) in municipal courts, actions shall be placed on the hearing list at such time as is designated by local rule.

"(d) When pursuant to subdivision (c) an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."

It is seen that the Rules interpret section 1141.17 to include only compulsory court-ordered arbitration.

Section 1141.14 states that "The Judicial Council rules shall provide for and conform with the provisions of this chapter." ■ The Judicial Council has authority to adopt rules as long as they are not inconsistent with statute. (Cf. *In re Marriage of McKim* (1972) 6 Cal.3d 673, 678, fn. 4 [100 Cal.Rptr. 140, 493 P.2d 868].)

■ We turn to a review of the case law where we have found three cases which discuss the possible tolling effect of arbitration upon plaintiff's election.

---

[3]Hereafter Rule or Rules.

In *Fluor Drilling Service, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1009 [186 Cal.Rptr. 9] the Second Appellate District, Division Two, held that plaintiff's election to arbitrate does toll the time period of Code of Civil Procedure section 583 pursuant to Code of Civil Procedure section 1141.17. The reasoning in *Fluor* is simplistic: since section 1141.12 states that upon the filing of an election by the plaintiff, the action "shall be submitted to arbitration," such a submission is "court ordered." In fact, all arbitrations under chapter 2.5, title 3, part 3 (§ 1141.10 et seq.) are judicial arbitrations, as distinguished from contractual arbitration, and such arbitrations are court ordered.

In *Davenport* v. *Vido Artukovich & Son, Inc., supra,* 141 Cal.App.3d 60, 66, the Second Appellate District, Division Seven, refused to follow *Fluor* and held that section 1141.17 does not apply to arbitration ordered by the court as a result of plaintiff's election. It found the phrase "a court order" in the second sentence of section 1141.17 to have a more narrow meaning, namely, compulsory arbitration (as contrasted with consensual). The panel reasoned that in the instance of compulsory arbitration, the plaintiff cannot insure that the order for arbitration will be made sufficiently early so that there will be no section 583 problem. On the other hand, a plaintiff may time his initiation of arbitration so that there is no five-year problem since the plaintiff normally requests arbitration at the time the at-issue memorandum is filed. (Rule 1601(b).) The court in *Davenport, supra,* at page 65 also reasoned that since a major purpose of arbitration is to reduce litigation expense, it is not a wise policy to "encourage a delay in commencement of arbitration by permitting a plaintiff (or cross-complainant) to wait until the eleventh hour in the statutory life of an action before instituting arbitration by unilateral election while enjoying the protection of the tolling of the diligent prosecution statute (§ 583)."

The *Davenport* court noted that the language "pursuant to a court order" in the second sentence of section 1141.17 is superfluous under the *Fluor* interpretation. ■ " 'In determining the interpretation to be given a statute, the presumption exists that every word, phrase and provision employed in the statute is intended to have meaning.' " (*Davenport* v. *Vido Artukovich & Son, Inc., supra,* 141 Cal.App.3d at p. 65.)

Reliance was also placed on the work of the Judicial Council in promulgating rule 1601(d). ■ "[C]ontemporaneous construction of a statute by an agency charged with its implementation and interpretation is entitled to great weight unless it is clearly erroneous or unauthorized." (*Id.,* at p. 66.)

In *Taylor* v. *County of San Bernardino* (1983) 143 Cal.App.3d 42 [191 Cal.Rptr. 518] the Fourth Appellate District agreed with the *Davenport* interpretation.

The best argument that can be made for the *Fluor* position is that it furthers the Legislature's stated intent to encourage or require arbitration in smaller civil actions. (§ 1141.10.) However, the arguments in *Davenport,* especially the fact that the plaintiff may control the timing submission to arbitration so that there is no section 583, subdivision (b) problem, the policy of encouraging arbitration early on in the proceedings to reduce litigation costs, the fact that the language "pursuant to a court order" in the second sentence of section 1141.17 is surplusage under the *Fluor* interpretation and the respect accorded the Rules of the Judicial Council, are overwhelming.[4]

■ The *Davenport* panel has the better of the argument; as to a plaintiff, we find that section 583, subdivision (b) is not tolled by an election to arbitrate.

## B. As to Intervener

■ The rationale undergirding the *Davenport* analysis does not apply to an intervener with the same force. The intervener may not wish arbitration, but is forced into the procedure at the election of plaintiff. A plaintiff may time his initiation of arbitration in order to assure himself that there is no five-year problem under section 583, subdivision (b), but an intervener does not have available a procedure by which it may require plaintiff to make a timely election. The intervener's position is identical to that of a plaintiff who is forced into compulsory arbitration; the intervener cannot insure that the arbitration process will be initiated sufficiently early so that there will be no section 583 problem.

Also, the public policy argument of reducing litigation expense by encouraging early election of arbitration by plaintiffs does not apply to the position of the intervener, who, for most part in these cases, "goes along for the ride."

As to the intervener, the language "pursuant to a court order" in the second sentence of section 1141.17 is superfluous only as to plaintiff. For whether a court order is made following plaintiff's election to arbitrate, as was the case here, or, as suggested in *Davenport* v. *Vido Artukovich & Son, Inc., supra,* 141 Cal.App.3d at page 66, no court order is issued after such an election, the result is the same: law-imposed arbitration upon a nonconsenting party.

---

[4]The parties have not raised the question of the meaning or applicability of the first sentence of section 1141.17. We leave this question to a case where the issue is raised and properly briefed.

The rules governing arbitration, although detailed, do not mention or cover the rights of an intervener.

Based upon our analysis that an intervener is in an analogous position to a nonconsenting plaintiff, it is consistent with the statutory scheme and consonant with justice that the tolling provisions of section 1141.17 apply to an intervener in a case where a plaintiff has elected arbitration and an intervener has not joined in the election.

## IV. CONCLUSION

The judgment is reversed as to Travelers Insurance Company.

Martin, J., and Bradstreet, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.