[No. B036480. Second Dist., Div. Three. Nov. 1, 1988.]

WILLIAM H. SISLER, JR., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JOANNE BOCKIAN, Real Party in Interest.

COUNSEL

La Follette, Johnson, De Haas & Fesler, Dorothy B. Reyes and Melinda W. Ebelhar for Petitioner.

No appearance for Respondent.

Joanne Bockian, in pro. per., and Bockian & Hanifin for Real Party in Interest.

## OPINION

**KLEIN, P. J.**—In this original proceeding, defendant William H. Sisler, Jr., doing business as William's M & T Electric, Inc., is petitioning for a peremptory writ of mandate directing the respondent superior court to vacate its order granting a motion for referral to arbitration, which order was entered on the last day of the five-year time period in which an action must be brought to trial. (Code Civ. Proc., §§ 583.310, 583.360.)[1]

The record reveals the order referring the matter to arbitration was made without considering whether plaintiff Joanne Bockian exercised reasonable diligence in bringing the case to trial. In determining a last-minute attempt to avoid the effect of the diligent prosecution statutes (§ 583.310 et seq.), all factors relevant to a plaintiff's effort to diligently bring the action to trial must be considered. Because the court below based its ruling solely on the imminent running of the five-year statute, we find an abuse of discretion and grant a peremptory writ of mandate.

### Discussion

Bockian filed the action on August 1, 1983, alleging property damage, loss of income, and general damages for "emotional trauma" resulting from a fire at her law office. Although Sisler conducted some minimal discovery in the case, Bockian took no steps to prosecute the action until the filing of an at-issue memorandum on June 30, 1988, thirty-two days before the running of the five-year mandatory dismissal statute. (§ 583.310.) When the arbitration status conference was set for September 27, 1988, after the expiration of the five-year statute, Bockian obtained an ex parte order shortening time within which to give notice of a motion for referral to arbitration and to advance status conference date. The motion was heard on the last day prior to the running of the five-year statute.

The motion was made on the ground that "without such an order, the [p]laintiff will be barred from having her day in [c]ourt . . . [and] [p]laintiff has no objection to having the matter arbitrated." Bockian further argued that the matter would probably have been ordered to arbitration at the status conference if the conference had been scheduled within the five-year time period, ". . . due to the proximity to the running of the statute of limitations in which to bring this matter to trial, such an order would occur shortly *after* the expiration of the five-year statute . . . . However, the provisions of the statute of limitations would be tolled by the ordering of this matter to arbitration. . . . Plaintiff is merely asking that this order be

---

[1] All statutory references are to the Code of Civil Procedure.

made at this time, so that the statute will be tolled and [p]laintiff can have the benefit of a hearing on the merits, which would otherwise be deprived her [*sic*], . . .''

The respondent court granted the motion stating ''. . . we are at the last minute of the last day before this matter mandatorily would have to be dismissed. And on the other side there is the issue that if the matter is mandatorily dismissed, then this matter wouldn't be resolved on it's [*sic*] merits, . . . And in weighing those two positions, I just felt that the better process would be to grant the motion for arbitration and see what happens. I realize that it gives basically another six to nine months. . . .''

The sole stated purpose of the motion for submission to arbitration and for the respondent court's order granting the motion was to avoid mandatory dismissal for failure to bring to trial within five years as provided in section 583.310. In order to fit within the monetary limits of the arbitration act, Bockian stipulated to waiver of all damages in excess of $50,000, although she stated ''I don't believe that the damages are under $50,000, I think documentably [*sic*] they are in excess of that.'' The at-issue memorandum included a statement of actual damages of $80,000 plus additional damages for ''emotional trauma'' and fraud.

■ The Judicial Arbitration Act (§ 1141.10 et seq.) was designed to expedite resolution of smaller civil actions through providing a prompt and economical alternative for resolving disputes. (*Robinson* v. *Superior Court* (1984) 158 Cal.App.3d 98, 107 [204 Cal.Rptr. 366].) The act mandates submission to arbitration of certain classes of at-issue civil actions where the amount in controversy is $50,000 or less and permits the parties to stipulate to arbitration regardless of the amount in controversy. (*Blanton* v. *Womancare, Inc.* (1985) 38 Cal.3d 396, 401 [212 Cal.Rptr. 151, 696 P.2d 645, 48 A.L.R.4th 109].)

■ The Legislature did not intend arbitration to serve as a means of avoiding dismissal when a plaintiff has failed to diligently prosecute the action. The legislative purpose of both the arbitration statutes and the diligent prosecution statutes would be undermined by permitting a dilatory plaintiff to utilize the tolling provisions of arbitration to avoid the statutory time limits for bringing the action to trial. (See *Davenport* v. *Vido Artukovich & Son, Inc.* (1983) 141 Cal.App.3d 60, 64-66 [190 Cal.Rptr. 64]; *Johnson* v. *Santos* (1983) 148 Cal.App.3d 566, 571-574 [196 Cal.Rptr. 145]; *Taylor* v. *County of San Bernardino* (1983) 143 Cal.App.3d 42, 47-48 [191 Cal.Rptr. 518].) Absent some showing of excusable delay, the policy favoring disposition on the merits does not prevail. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590].)

In a factual context similar to the facts present here but involving a plaintiff's unilateral election to arbitrate with only fourteen days remaining in the five-year time period, Division Seven of this court affirmed the dismissal for plaintiff's failure to bring the action to trial within five years. (*Davenport* v. *Vido Artukovich & Son, Inc., supra,* 141 Cal.App.3d 60.) In *Davenport,* the trial court upon receiving the plaintiff's election to arbitrate served a notice of assignment of arbitrator three months after the expiration of the five-year period. The *Davenport* court concluded it would frustrate the legislative purposes both of the diligent prosecution statutes and of the arbitration act to allow a plaintiff to avoid the five-year statute by the unilateral election to arbitrate filed during the last month of the five-year statute. "Creation of such a last-minute escape hatch from the diligent prosecution statute would be an invitation to delay." (*Id.* at p. 66.) Pointing out that any deprivation of the right to trial on the merits was due to the plaintiff's own lack of reasonable diligence, the *Davenport* court was "unsympathetic" to the plaintiff's position. (*Id.* at pp. 66-67.)

We agree with the rationale of *Davenport.* Further, we conclude that rationale must be extended to those cases where, as here, a plaintiff seeks court-ordered arbitration during the last portion of the five-year statute. Bockian's effort to avoid mandatory dismissal by seeking court-ordered arbitration is admittedly nothing more than a technical maneuver to avoid the effect of the statutes which establish the time period for prosecution of an action. Such a last-minute motion for an order submitting the matter to arbitration should be viewed with suspicion. We find the order permitting Bockian to utilize the arbitration procedure as a means of bypassing the diligent prosecution statutes without consideration of all relevant factors a clear violation of the public policy underlying both the arbitration act and the diligent prosecution statutes.

■ Whenever a plaintiff makes any motion seeking to avoid the five-year statute, the trial court should consider the factors relevant to a motion to dismiss under the discretionary dismissal provisions of section 583.420[2] prior to the entry of any order on the merits of the motion. (See *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 560-561 [194 Cal.Rptr. 773, 669 P.2d 9].) The relevant factors are specified in California Rules of Court, rule 373(e), and include the court's file in the case and the affidavits, declarations and other supporting data submitted by the parties; the extent to which the parties engaged in settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings;

---

[2] In pertinent part section 583.420, provides for dismissal in subdivision (a)(2)(A) "[t]hree years after the action is commenced against the defendant . . . ," and in subdivision (a)(2)(B) "[t]wo years after the action is commenced against the defendant . . ." under certain specified conditions.

the nature and complexity of the case; the law applicable to the case; *the nature of any delay attributable to either party*; the availability of an immediate trial or arbitration date if the case is ready to be heard; whether the interests of justice are best served by dismissal or by determination on the merits; and any other fact or circumstance relevant to a fair determination of the issue. Any procedure on such a motion which does not consider the factors set forth in rule 373(e) and the policies set forth in section 583.130 encourages delay by permitting a dilatory plaintiff "to wait until the eleventh hour in the statutory life of an action before instituting arbitration . . . while enjoying the protection of the tolling of the diligent prosecution statute." (*Davenport* v. *Vido Artukovich & Son, Inc., supra,* 141 Cal.App.3d 60, 65.)

The circumstances present here are analogous to those cases in which a plaintiff files a motion for trial preference in order to avoid dismissal under the five-year rule. For example, in *Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d 554, the plaintiff moved to specially set for trial four years and ten months after the filing of the original complaint. The trial court denied the motion to specially set for trial and dismissed on its own motion for failure to bring to trial within two years.[3] In affirming the dismissal, our Supreme Court held the trial court is "not limited to a consideration of the single fact that the five-year period was about to expire but was required to view the total picture, including the dilatory action of the plaintiff, . . ." (*Id.* at p. 561.)

Just as the proper exercise of the trial court's discretion on a motion for trial preference brought to avoid mandatory dismissal under the five-year statute requires consideration of all matters relevant to discretionary dismissal motions (*Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1163-1165 [230 Cal.Rptr. 297]), a motion for referral to arbitration brought close to the expiration of the five-year statute must be determined after consideration of the factors relevant to the court's discretionary power to dismiss for failure to diligently prosecute the action.

We find a manifest abuse of discretion in the respondent court's order submitting the matter to arbitration without consideration of the relevant factors and solely to provide the plaintiff with a means of escaping the effect of the mandatory dismissal on the following court day. The matter must therefore be remanded for reconsideration under the proper standard.

Having notified all parties of our intention to issue a peremptory writ of mandate in the first instance and the time specified for the filing of addition-

---

[3] The provisions of section 583 applicable when *Wilson* was decided are now embodied in section 583.420, subdivisions (a)(2)(A) and (B).

al briefs in this court having expired, we conclude the requirements of *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893] are satisfied.

Let a peremptory writ of mandate issue directing the respondent court (1) to vacate its order granting the motion to submit the matter to arbitration; (2) to establish specific time periods for the filing of additional briefs if deemed necessary; (3) to set a date certain for a hearing on the merits; and (4) to determine the issue after consideration of *all* relevant factors.

Arabian, J., and Croskey, J., concurred.