[Civ. No. 27040. Fourth Dist., Div. Two. June 22, 1982.]

GAYLE S. CRAWFORD, Plaintiff and Appellant, v.
ELEANOR HOFFMAN et al., Defendants and Respondents.

COUNSEL

Joseph Daniel Davis for Plaintiff and Appellant.

Dimino & Card and Franklin J. Dimino for Defendants and Respondents.

## Opinion

**MORRIS, P. J.**—Plaintiff appeals from a judgment of dismissal pursuant to Code of Civil Procedure section 583, subdivision (b),[1] for failure to bring the action to trial within five years after filing the action. We reverse.

On October 27, 1975, plaintiff filed her action for personal injuries resulting from a vehicular collision. On November 8, 1979, the case was ordered into judicial arbitration. On July 17, 1980, the case was restored to the active civil calendar list. Upon motion of the defendant brought pursuant to section 583, subdivision (b), the action was ordered dismissed on June 3, 1981.

The question before us is whether the five year period of section 583, subdivision (b), was tolled by the period of judicial arbitration.

A revised judicial arbitration law became operative on July 1, 1979, (§ 1141.31) and encompasses sections 1141.10 through 1141.32. The law was made applicable to "all at-issue civil actions pending on or filed after" July 1, 1979 (§ 1141.11, subd. (a)).[2] The Judicial Council was charged with promulgating rules for judicial arbitration practice and procedure to conform with the statutory provisions. (§ 1141.14.)

With respect to tolling the provisions of section 583, the law provided: "Submission of an action to arbitration pursuant to this chapter *shall not toll* the running of the time periods contained in Section 583 *as to actions filed on or after the operative date* of this chapter. Submission to arbitration pursuant to a court order *within six months of the expiration of the statutory period shall toll* the running of such period until the filing of an arbitration award." (§ 1141.17, italics added.) Section 1141.17 was a new provision not drawing on or replacing a former statute.

---

[1]Code of Civil Procedure section 583, subdivision (b), provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

All statutory references are to the Code of Civil Procedure and all references to rules are to the California Rules of Court.

[2]See the entirety of section 1141.11 for limitations and exceptions.

The Judicial Council performed its duty by amending Rules 1600 through 1617 of the California Rules of Court, effective July 1, 1979. Rule 1601(d) provides: "When pursuant to subdivision (c) [mandatory arbitration] an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."

■ Relying on the language of section 1141.17, quoted above, the defendant claims that Rule 1601(d), is in derogation of the statute. Defendant also states the Legislature has refused to accommodate any stay of the five year period of section 583 as to actions filed prior to 1979. This latter point is unsupported by any meaningful explanation by defendant and is patently erroneous. Defendant states that plaintiff "stipulated" to this point. It is true that plaintiff in attempting to rely on Rule 1601(d), stated in written argument before the superior court that section 1141.17 did not apply because the instant action was filed prior to July 1, 1979, and was thus excluded by the language of the statute. This was not a stipulation and was inaccurate. Both parties have exhibited confusion but such confusion has no relevance to our application of the appropriate legal rules.

The first sentence of section 1141.17 states that submission to arbitration will not toll the time periods of section 583 as to actions *filed* on or after July 1, 1979. The legislative act of singling out actions filed *on or after July 1, 1979*, suggests that tolling is permissible in those cases, as here, filed *before July 1, 1979*.

The second sentence of section 1141.17 provides for tolling where the case is under submission to arbitration, by court order, within six months of expiration of the period specified in section 583, subdivision (b).[3] The Judicial Council, in implementing the second sentence of section 1141.17, took the phrase "[s]ubmission to arbitration" to mean that a case was under the jurisdictional processes of court ordered arbitration and had not reached the award stage within six months of the expiration of the section 583, subdivision (b) time period. This view by the Judicial Council was abundantly reasonable and reflects the plain meaning of the second sentence of section 1141.17. The word "submis-

---

[3]We express no opinion on the application of the second sentence of section 1141.17 to subdivisions (a), (c) and (d) of section 583.

sion" could be subjected to various interpretations but taken in context it plainly means a matter is pending in court ordered arbitration at that time. The statute is not conditioned on the *date of the order* submitting the case to arbitration and that date is logically inconsequential while the fact of pending arbitration is logically the consequential concern. Had the Legislature intended the date of the order of submission to be the determinative fact, it certainly could have, and would have, said so.

Rule 1601(d), carries forward the provisions of section 1141.17 accurately. Thus, the time betweent the order for arbitration and the award is properly excluded when calculating the five year period of section 583, subdivision (b), where the case is in arbitration within six months of the expiration of the section 583, subdivision (b) period. Here the period from November 8, 1979, [date case ordered to arbitration] to July 7, 1980, [date of arbitration award] should have been excluded because this case was pending in arbitration within six months of the expiration of the section 583, subdivision (b), period. The five year period of section 583 would normally have ended on October 27, 1980. However, due to the arbitration, it was extended through July 6, 1981. Thus it was error to dismiss this case on June 3, 1981, because the five year period of section 583 had not then expired.[4]

We have been directed to several cases which have referred to the tolling provisions. The first is *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 [163 Cal.Rptr. 325], which involved arbitration by agreement predating section 1141.17. It is inapposite. It held that the arbitration proceeding did not toll the section 583, subdivision (b), period. Even so, it acknowledged that had the statute been operative and applicable to its facts the tolling would have applied. (At p. 896, fn. 2.)

The second case is *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650]. It, also, did not involve application of section 1141.17. However, it did note that even if Rule 1601(d), was given retroactive effect it would have been inapplicable because the arbitration proceedings had been concluded more than six months before expiration of the section 583, subdivision (b), period. Neither this case nor *Lockhart-Mummery* are of any particular assistance.

---

[4]Our discussion does not consider whether or not a case initially filed on or after July 1, 1979, is subject to this same tolling.

Defendant argues that dismissal was proper because she is now age 84 and in poor health. She says that as time goes on her ability to testify is impaired. This argument, even if supported by the record, does not alter the fact that dismissal under section 583, subdivision (b), was premature.

The judgment of dismissal is reversed.

Kaufman, J., and Trotter, J., concurred.

A petition for a rehearing was denied July 7, 1982.