[Civ. No. 63506. Second Dist., Div. Two. Sept. 21, 1982.]

APOLLO PLATING, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JOHN D. PAPPAS, Real Party in Interest.

COUNSEL

Mark E. Mahler for Petitioner.

No appearance for Respondent.

Clausen, Harris & Campbell, Lon Harris and Marie D. Clause for Real Party in Interest.

OPINION

**BEACH, J.**—Petition for writ of mandate to compel the trial court to dismiss an action for failure of plaintiff to bring it to trial within five

years from the time of filing the complaint. (Code Civ. Proc., § 583, subd. (b).) We granted the alternative writ and heard the matter. We now deny the petition.

The question presented is whether an action may be dismissed under Code of Civil Procedure section 583, subdivision (b) (hereinafter CCP) while it is pending in arbitration to which it has been ordered pursuant to the provisions of CCP section 1141.10 et seq. (judicial arbitration statutes). This is precisely the same question presented to the court in *Crawford* v. *Hoffman* (1982) 132 Cal.App.3d 1015 [183 Cal.Rptr. 599], filed June 22, 1982, expressly holding that such action may not be so dismissed.

## BACKGROUND

The complaint was filed July 19, 1976. The matter was referred to arbitration on October 8, 1980, and the arbitration date was set for May 26, 1981. The arbitrator was not appointed until January 30, 1981. On May 26, 1981, the original date set for arbitration, the date was changed to September 24, 1981, at the request of plaintiff. Subsequently the date of the arbitration was advanced to September 11, 1981, by agreement of both parties. On July 19, 1981, the fifth anniversary of the filing of the complaint passed and on August 20, 1981, defendant made a motion to dismiss the action pursuant to the five-year rule of CCP 583, subdivision (b). No arbitration award had yet been made. On September 1, 1981, defendant's motion to dismiss was denied and this petition followed.

## DISCUSSION

■ The second sentence of CCP section 1141.17 reads as follows: "Submission of an action to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award." However, at bench, as in *Crawford* v. *Hoffman, supra,* 132 Cal.App.3d 1015 the matter was not submitted to arbitration within the requisite six-month period, but awaited arbitration during the six months and thereafter. Thus according to a strict reading of the language of the statute there would be no tolling of the five-year period within which to bring the action to trial, because the matter had not been submitted within the six months described in section 1141.17.

Rule 1601(d) of the California Rules of Court nonetheless reads as follows: "When pursuant to subdivision (c) an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure." This rule expands the meaning of the word submission used in the statute to include matters which remain under submission to arbitration and undecided during some part of the six month period even though the case was submitted prior to the six months.

Reasonable minds may differ as to the power of the judicial council to so expand a statute of limitation as distinguished from supplementing or interpreting a statute. We do not understand the power or duty of the judicial council to be such that it may ordain rules which are different and contrary to the statute. While the rules may implement and assist and furnish mechanical procedure where the statute so provides, we do not understand that a rule may enlarge upon specific time provisions as the rule involved here seems to do. Accordingly, were we writing on a clean slate we might reach a different result on this point. Nonetheless, respectful of the doctrine of stare decisis we follow the decision of a court of equal jurisdiction and apply the holding of *Crawford v. Hoffman, supra*, 132 Cal.App.3d 1015 because the fact situation at bench is identical.

Perhaps of equal importance here is another feature of the case which compels us not to disturb the trial court's order in this particular matter. Even if rule 1601(d) of the California Rules of Court could not properly expand the statutory meaning so that as a result there would be no statutory tolling, still the case at bench reasonably presented to the trial court a case where it appeared impracticable, if not impossible, for the plaintiff to unilaterally remove himself from judicial arbitration and bring the matter to trial while the matter was still awaiting arbitration. Impracticability or impossibility of bringing the matter to trial will toll the running of the statutory period under CCP section 583, subdivision (b). Thus the trial court's decision can be supported and affirmed upon the additional judicially created exception to CCP section 583, subdivision (b). (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829]; see also *Moran* v. *Superior Court**  (Cal.App.) filed this date.)

*Reporter's Note: Hearing granted, for Supreme Court opinion see 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216].

The petition for writ of mandate is denied, the alternative writ is discharged, and the matter remanded to the trial court to be returned by it to the arbitration calendar.

Compton, J., concurred.

Roth, P. J., concurred in the judgment.

Petitioner's application for a hearing by the Supreme Court was denied November 18, 1982. Newman, J., did not participate therein.