[Civ. No. 66454. Second Dist., Div. Six. July 5, 1983.]

DAVID KATZ, Plaintiff and Appellant, v.
BRIDGEGATE BUILDING LIMITED et al.,
Defendants and Respondents.

**Counsel**

Jack Altman for Plaintiff and Appellant.

Thorpe, Sullivan, Workman & Thorpe, Robert H. Rogers and Henry K. Workman for Defendants and Respondents.

**Opinion**

**ABBE, J.**—Plaintiff appeals from judgment of dismissal pursuant to Code of Civil Procedure section 583, subdivision (b) for failure to bring the action to trial within five years after it was filed. The issue presented by this appeal is for what length of time was the five-year period tolled by the judicial arbitration procedure. The action was filed by appellant on November 16, 1976, and had been set for trial on September 11, 1981. On August 10,

1981, a mandatory settlement conference was held in the superior court. On that date a court order was issued in which the court "suggests that this case be set for Mandatory Settlement Conference together with case 72046, Katz v. Tom Gamble, etc., et al." However, the box in the form used by the court referring the matter to mandatory arbitration, after finding the amount in controversy was less tthan $15,000, was not checked.

On September 11, 1981, the superior court made a finding that the amount in controversy was less than $15,000 and ordered the matter to mandatory arbitration. On September 15, 1981, counsel for appellant sent notice of arbitration to counsel for respondents in which he recited that the case had been referred to arbitration pursuant to court order made September 11, 1981. Both counsel in memorandum of points and authorities attached to motions filed in March of 1982 indicated that the court had made an order referring the case to mandatory arbitration on August 10, 1981. Why counsel for respondents would so indicate is not clear.

The arbitration award in favor of respondents was filed on December 14, 1981, and appellant filed a motion for trial de novo on December 16. Pursuant to appellant's request for trial de novo the clerk of the court, on December 23, 1981, noticed the matter for pretrial conference on March 5, 1982. March 5, 1982, would have been beyond the five-year statute, assuming the statute was tolled from September 11 to December 14, rather than from August 10 to December 14. On March 5, 1982, the respondents filed a motion to dismiss on the basis that the five-year statute had expired on February 21, 1982. After respondents filed the motion to dismiss, appellant filed a motion to advance the trial date.

Section 1141.17 of the Code of Civil Procedure provides as follows: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award." Rule 1601(d) of the California Rules of Court provides, "When pursuant to subdivision (c) an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure." ■ Code of Civil Procedure section 1141.17 clearly requires a court order placing a case on the arbitration hearing list to start the period during which the five-year statute is tolled. Rule 1601(d) of the California Rules of Court conforms to this

code section by providing that the statutory period is tolled upon the matter being "placed . . . on the arbitration hearing list."

Counsel for appellant relies on *Crawford* v. *Hoffman* (1982) 132 Cal. App.3d 1015 [183 Cal.Rptr. 599], but such reliance is misplaced. In *Crawford* the court held that the statute is tolled if the action remains on the arbitration hearing list within six months of the expiration of the five-year period even if it is placed on that list prior to the last six months of that period. However, nothing in *Crawford* v. *Hoffman* suggests that the date of the order referring the matter to arbitration is inconsequential for the purpose of determining when the tolling period starts.

The record is clear in this case that the matter was not referred to mandatory arbitration until September 11, 1981. It appears probable that arbitration was discussed at the August 10, 1981, settlement conference but no court order was made on that date placing the matter on the arbitration hearing list. The assertions of counsel in later statements recalling what occurred at the August 10, 1981, settlement conference do not constitute an order of the court.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.