[Civ. No. 67520. Second Dist., Div. Four. July 20, 1983.]

MARILYN A. EVANS, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Fielder & Fielder and Hugh B. Fielder for Plaintiff and Appellant.

Ira Reiner, City Attorney, John T. Neville, Senior Assistant City Attorney, Richard M. Helgeson, Assistant City Attorney, and Nicholas Fratianne, Deputy City Attorney, for Defendant and Respondent.

OPINION

AMERIAN, J.—This is an appeal from a March 16, 1981, order of dismissal under Code of Civil Procedure section 583, subdivision (b),[1] because the matter had not been brought to trial within five years after it was filed. We affirm.

FACTS

On February 3, 1975, appellant Marilyn Evans filed suit for personal injury damages against respondent City of Los Angeles and against doe defendants. The action grew out of activities alleged to have occurred at a city park on September 29, 1974. Respondent filed its answer on March 25, 1975.

The first trial date for the matter was August 29, 1978. Trial was continued to April 24, 1979, on motion of appellant. The reason appellant sought the continuance was to depose a man who, at the time of the incident at the park, was an employee of the city but who had later retired from city employment. Appellant had previously been unable to locate the witness. She indicated in her moving papers in support of the motion for continuance that her counsel had first learned at the settlement conference 19 days before, that the witness was receiving retirement checks from the city and that the city did have a current address for him.

On April 24, 1979, the parties appeared in the calendar court. After a colloquy, the court trailed the matter to July 12, 1979. The purpose of that postponement was so that the case could be sent to arbitration. In granting the continuance, the court stated, "Matter continued to July 12 in this de-

---

[1] All references are to the Code of Civil Procedure, unless otherwise indicated.

partment at 9:00 o'clock, at which time it will be sent over to the arbitration department for further reassignment." A date after July 1, 1979, was selected as the continued date because the judicial arbitration statutes (§ 1141.10-1141.32) were scheduled to become effective July 1, 1979.

On July 12, 1979, the superior court placed the trial off calendar and ordered the case transferred to superior court arbitration under California Rules of Court, rules 1601-1617, based on a finding that the amount in controversy did not exceed $15,000. An arbitration hearing was held on January 22, 1980. The award of the arbitrator was in favor of appellant in the sum of $6,111 and was dated May 21, 1980. The award was filed May 29, 1980. On June 10, 1980, respondent filed a request for trial de novo.

The matter was set for trial setting conference on August 26, 1980. On August 26, 1980, trial was set for February 2, 1981. When counsel for respondent appeared in the calendar court on February 2, 1981, he requested time to file a motion for dismissal under section 583, subdivision (b).[2]

The motion for dismissal under section 583, subdivision (b) was filed on February 20, 1981, and was argued on March 16, 1981. On March 16, 1981, the motion was granted and an order of dismissal was filed.

## CONTENTIONS

Appellant contends that the ruling of the trial court was in error because (A) there was a tolling of section 583, subdivision (b) under section 1141.17; (B) there was a tolling of section 583, subdivision (b) under California Rules of Court, rule 1601(d); and (C) respondent is estopped to assert section 583, subdivision (b).

## DISCUSSION

### A

■ Section 1141.17 provides: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

---

[2]Respondent's counsel indicated that he would challenge only the delay until February 2, 1981, and that the time after February 2, 1981, would be tolled, so that if respondent did not prevail on the motion, the time afforded to have the motion heard would not count against appellant for purposes of the five-year statute.

Here the court on July 12, 1979, ordered the matter to arbitration. By that date over four years, five months and one week had passed from the filing of the complaint. On May 29, 1980, the award of the arbitrator was filed. According to the terms of section 1141.17, the five-year clock started to run again from the filing of the award. Well over eight months passed from the filing of the award to February 2, 1981.[3] Thus, by February 2, 1981, over five years and one month had elapsed under section 583, subdivision (b).

There was here insufficient time tolled under section 1141.17 to save appellant from the consequences of section 583, subdivision (b).

## B

California Rules of Court, rule 1601(c) and (d) provided as follows, when they became effective on July 1, 1979:

"(c) Absent a stipulation or a request by plaintiff to submit to arbitration: (1) in superior courts, actions shall be placed on the arbitration hearing list at the conference when the court determines the amount in controversy, which conference shall be held no sooner than nine months after the action has been placed on the civil active list and no later than 90 days before the date set for trial, whichever occurs first; (2) in municipal courts, actions shall be placed on the hearing list at such time as is designated by local rule.

"(d) When pursuant to subdivision (c) an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."

Appellant argues that under California Rules of Court, rule 1601(d) the tolling should extend until July 11, 1980, when the clerk mailed notice that the matter had been set for trial setting conference to be held August 26, 1980.[4]

*Crawford* v. *Hoffman* (1982) 132 Cal.App.3d 1015 [183 Cal.Rptr. 599], might seem at first blush to support such an argument. *Crawford,* however,

---

[3]As noted above, respondent's counsel agreed that any time after February 2, 1981, would not be counted in the five-year calculation.

[4]This conference was held and the February 2, 1981, trial date was fixed at this conference.

is distinguishable. In *Crawford* the operative dates which are clear from the opinion are:

(1) October 27, 1975—filing of complaint.

(2) November 8, 1979—order to judicial arbitration.

(3) July 17, 1980—restoration to active civil calendar list.

(4) June 3, 1981—dismissal under section 583, subdivision (b).

The key date which is not furnished by the opinion is the date of *filing* of the arbitration award. (There is an indication that the award was *dated* July 7, 1980. (132 Cal.App.3d at p. 1019.))

The trial court in *Crawford* granted a dismissal motion under section 583, subdivision (b). The court reversed the judgment because, on June 3, 1981, the section 583, subdivision (b) period had not run. Before the order to arbitrate was made, a few days over four years had lapsed from filing of the complaint. The *Crawford* court was faced with a dismissal which came less than 11 months after both date of the award and date of restoration to the civil active list. In *Crawford* dismissal was premature on June 3, 1981, regardless of whether the time computation resumed on July 7, 1980, or on July 17, 1980.

■ We hold that under California Rules of Court, rule 1601(d), a case ceases to be "pending on the arbitration hearing list" on the date the award of the arbitrator is filed with the court under section 1141.23. This is the event referred to by the Legislature in the tolling statute, section 1141.17. It is the filing of the award which, under section 1141.20, triggers the time for request for de novo trial and thereby triggers the determination of finality of the award.

We see no reason to expand the tolling period by whatever time it takes the court under section 1141.20 to get the case moving again in the event of request for de novo trial. ■ It is plaintiff's responsibility to see that an action is brought to trial within the five-year period. (*Crown Coach Corp. v. Superior Court* (1972) 8 Cal.3d 549 [105 Cal.Rptr. 339, 503 P.2d 1347], disapproved on other grounds in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 722, fn. 5 [170 Cal.Rptr. 790, 621 P.2d 829]; *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486].) A plaintiff always has available a motion to specially set for trial if there is a particular problem facing that plaintiff. (Cal. Rules of Court, rule 225.)

According to the record before us, appellant did nothing after the arbitration award was filed on May 29, 1980, and after respondent filed its request for trial de novo on June 10, 1980, except attend a trial setting conference on August 26, 1980.

The maximum tolling time available to appellant even applying California Rules of Court, rule 1601(d) is from July 12, 1979, to May 29, 1980. The time from filing of the complaint on February 3, 1975, to July 12, 1979, (in excess of four years, five months) plus the time from May 29, 1980, to February 2, 1981, (in excess of eight months) is more than five years.

## C

Appellant builds her case for estoppel of respondent to urge section 583, subdivision (b) on what is asserted to be the repeated actions of respondent to delay the trial. Primarily, the focus is on a "misstatement concerning the whereabouts of a witness and the manner in which respondent conducted the defense in the arbitration hearing."[5]

On January 24, 1978, appellant had noticed for February 24, 1978, the deposition of a man who had been an employee of respondent at the time of the incident. The deposition was cancelled because counsel for respondent denied knowledge of the whereabouts of the witness. At a mandatory settlement conference on August 10, 1978, however, counsel for respondent indicated that the witness, who had retired from city service, was receiving retirement checks and could be located. The August 29, 1978, trial date was continued to April 24, 1979, so that appellant could depose the witness. Concerning the arbitration hearing, according to appellant, respondent did not present any evidence at the arbitration hearing and yet requested a trial de novo. This evidenced, in the view of appellant, the bad faith of respondent.

■ "Generally speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) The party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. . . ."

---

[5]At the hearing in the trial court on the section 583, subdivision (b) motion of respondent, appellant claimed that respondent acted in a dilatory manner at the arbitration hearing by delaying the actual arbitration hearing. Any delay in setting the matter for arbitration hearing is of no assistance to appellant because all of the time from court order to arbitration until the date the award was filed with the superior court has been excluded from the five-year calculation under section 583, subdivision (b). (See sections A and B, *ante.*)

(*Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].)

■ Where a defendant induces a plaintiff to refrain from diligent prosecution, there may be an estoppel of defendant to raise the five-year provision, section 583, subdivision (b). In *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal.App.3d 276 [175 Cal.Rptr. 150], the court stated, "We hold, consistent with *Tresway,* that the equitable doctrine of estoppel applies fully to motions brought under section 583, subdivision (b). Our holding gives full flower to the 'duty of the trial court to examine *all the acts and conduct* of the parties, and render a discretionary decision with a view to furthering the ends of justice.' (*Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431, 440 [96 Cal.Rptr. 571, 487 P.2d 1211].) If a trial court encounters statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception. By following the rule of *Tresway,* we move away from the rigid application of a few limited exceptions to section 583, subdivision (b), and rather adopt a rule that permits substantial justice to triumph over form." (At p. 281.)

As to the manner in which counsel for respondent conducted himself at the arbitration hearing on January 22, 1980, by failing to present evidence, the record reflects that respondent's counsel on March 10, 1980, long before the award was made and filed, wrote to the arbitrator and asked that the matter be "reopened" for the limited purpose of offering into evidence a medical report of an examining physician. Counsel asserted that through inadvertence and oversight the report was not offered at the hearing. On March 13, 1980, the arbitrator declined to admit the report.

With respect to the whereabouts of the witness who was, at one time, employed by the city, there was no explanation by appellant as to why appellant was unable on her own to locate the witness whose name she was aware of at all times from the date of the incident, September 29, 1974. The deposition of that witness was not noticed until January 24, 1978, almost three years after the action was filed. By August 10, 1978, appellant knew that respondent had information of the whereabouts of the witness.

In *Gentry* v. *Nielsen* (1981) 123 Cal.App.3d 27 [176 Cal.Rptr. 385], defendants were served with summons and complaint two and one-half years after the complaint was filed. Defendants were afforded an open extension of time to plead. Six months later, or approximately three years after the filing of the complaint, answers were filed. Five years, one week after the

complaint was filed, defendants moved for dismissal under section 583, subdivision (b).

In discussing the principle of equitable estoppel, the court observed, "Here, defendants did *not* take advantage of the open extension to preclude the plaintiff from taking their default within the five-year period. The open extension was exercised by answer and was thereby terminated two years before expiration of the five-year period of section 583. Gentry had ample opportunity in the two-year period to bring the case to trial. Six months prior to the expiration of the five-year period Gentry was given notice of a trial date outside the applicable period, yet he failed to bring this fact to the attention of the court so that a new trial date could be set within the period. His failure was in no way related to the extension." (*Gentry v. Nielsen, supra,* at pp. 33-34, fn. omitted.)

The failure of appellant to have the matter set for trial on a date sooner than February 2, 1981, was in no way related to the circumstance that between January 24 and August 10, 1978, the then current address of a witness may have been known to respondent.[6]

Concerning the manner in which counsel for respondent conducted himself at the arbitration hearing, we see no facts here to support any estoppel to assert the five-year statute. There is no showing that, as required to impose the principle of equitable estoppel, respondent intended that his conduct at the arbitration hearing be acted on or that he so acted at the arbitration hearing so that appellant had a right to believe it was so intended. There is no showing that appellant relied on the conduct of respondent at the arbitration hearing to his injury. Thus, without determining whether the other requirements for imposing the principle have been established, two requirements for imposing the principle of equitable estoppel have not been met.

Respondent is not estopped to assert the provisions of section 583, subdivision (b).

---

[6]Ordinarily, the unavailability of a witness is a factor which goes to another exception to the applicability of section 583, subdivision (b), i.e., whether it was impossible, impracticable or futile to proceed to trial within the five years from filing of the complaint. (*Christin v. Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153].) Appellant, however, did not in the trial court urge that exception to the five-year rule.

## Disposition

The judgment (order) is affirmed.

McClosky, Acting P. J., and Lachs, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.