[Civ. No. 67700. Second Dist., Div. Seven. July 21, 1983.]

CARPENTERS SOUTHERN CALIFORNIA ADMINISTRATIVE
CORPORATION, Plaintiff and Appellant, v.
SURETY COMPANY OF THE PACIFIC, Defendant and Respondent.

**COUNSEL**

Berggren, Brownstein, Smith & Camino, Cox, Castle & Nicholson, James P. Watson and Michael L. Thornburg for Plaintiff and Appellant.

Jeffrey M. Hausman for Defendant and Respondent.

**OPINION**

**SCHAUER, P. J.**—Plaintiff appeals from an order of dismissal entered after the trial court granted respondent defendant's motion to dismiss under Code of Civil Procedure section 583, subdivision (b). The question posed is whether appellant's failure to bring the case to trial after electing to arbitrate was occasioned by impracticability or impossibility under *Brown v. Engstrom* (1979) 89 Cal.App.3d 513 [152 Cal.Rptr. 628]. We answer in the affirmative and reverse.

The complaint for breach of contract and to recover on a surety bond was filed on October 13, 1976. After bankruptcy and discharge of the codefendant principal, the case then (and now) proceeding against only the respondent surety, followed by discovery exchanges between plaintiff and respondent, plaintiff filed an at-issue memorandum on January 9, 1979. The Judicial Arbitration Act of 1978 (Stats. 1978, ch. 743, § 2, Code Civ. Proc., § 1141.10 et seq.) becoming operative on July 1, 1979, plaintiff filed its election to arbitrate on October 9, 1979. There was no further activity in the case until the Los Angeles Superior Court Arbitration Administrator's office served its notice of assignment of arbitrator on November 25, 1981; this was more than two years after plaintiff filed its election to arbitrate and more than one month after expiration of five years since the filing of the

complaint. Respondent successfully moved to dismiss under section 583, subdivision (b),[1] in early January of 1982 and this appeal followed.

The papers presented by respondent at the trial court's hearing on the motion to dismiss asserted that the section 583, subdivision (b) dismissal was mandatory, while plaintiff's papers attempted to make a case for *Brown* v. *Engstrom* "implied exceptions" for impracticability and impossibility and for tolling of the five years by virtue of the submission to arbitration. The same contentions are raised on this appeal.

In conflict with another division of this court,[2] we have heretofore held that the relevant tolling provisions[3] of the Judicial Arbitration Act do not apply to arbitration initiated by plaintiff's election. (*Davenport* v. *Vido Artukovich & Son, Inc.* (1983) 141 Cal.App.3d 60 [190 Cal.Rptr. 64].) Thus, plaintiff is not protected from the diligent prosecution statute simply because the case was on the arbitration list during the last six months of the statutory five years and thereafter. Directly applicable to the case at bench is the well-reasoned statement in *Taylor* v. *County of San Bernardino* (1983) 143 Cal.App.3d 42 at pages 47-48 [191 Cal.Rptr. 518]: "However, the determination that the instant plaintiff's election to arbitrate did not toll the statutory period under section 1141.17 does not, by itself, resolve the question whether the period was tolled during arbitration. The instant plaintiff, unlike the plaintiff in *Davenport,* contends that his election to arbitrate made it impossible for him to comply with the five-year statute.

■ "This contention raises the issue whether a good faith election to arbitrate can be used as an excuse for failure to comply with the five-year

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Section 583, subdivision (b) provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

[2] *Fluor Drilling Service, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1009 [186 Cal.Rptr. 9].

[3] Section 1141.17 provides, insofar as pertinent, that "[s]ubmission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

Implementing section 1141.17 is rule 1601(d) of the California Rules of Court. (*Crawford* v. *Hoffman* (1982) 132 Cal.App.3d 1015 [183 Cal.Rptr. 599].)

Rule 1601(d) provides that when a case is diverted to arbitration by court order and the ". . . action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."

statute and, thus, toll the running thereof under the judicially created tolling doctrine of 'impossibility, impracticability, and futility.' We hold that it can so operate when certain criteria are met. (See, e.g., *Apollo Plating, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1019, 1022 [186 Cal.Rptr. 12]; *Brown* v. *Engstrom* (1979) 89 Cal.App.3d 513 [152 Cal.Rptr. 628].)

"In *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], the Supreme Court made clear that the critical question in applying any of these exceptions to a given factual situation 'is whether a plaintiff used reasonable diligence in prosecuting his or her case.' (*Id.*, at p. 722.) An example of reasonable diligence was found in *Brown* v. *Engstrom, supra,* 89 Cal.App.3d 513, where the parties stipulated to arbitration on October 7, 1976, but were not notified of available arbitrators until May 20, 1977. Delay after delay occurred, largely due to the failure of officials to perform their duties adequately under the arbitration system. The court held that it was error for the trial court to dismiss the case under section 583, subdivision (b). The court noted that once plaintiff had submitted her case to arbitration, there was no available procedure to remove it therefrom and comply with the statute. Plaintiff also had a 'right to rely upon the principle that official duty under the arbitration system would be performed as required by law.' (*Id.*, at p. 524.) Because plaintiff had used due diligence in prosecuting her case, and had exceeded the statutory period only due to the delay of the arbitration administrator, the doctrine of 'impossibility, impracticability or futility' applied to toll the period during which plaintiff had been in arbitration."

In view of the *Hocharian-Brown-Taylor* line of authority, we now turn to the issue of whether plaintiff failed to exercise reasonable diligence. The trial court made no specific factual finding as to the nature of plaintiff's conduct in failing to bring the case to trial (cf. *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 at p. 723). In a declaration submitted in opposition to the motion to dismiss, plaintiff's counsel stated: "I have reviewed the correspondence and pleadings in our legal file. I can find no explanation for the delay of almost two years from the date of election to arbitrate and the notice of assignment of arbitrator."

Unlike the *Taylor* court, which found the absence of reasonable diligence as a matter of law, in the circumstances here we are unable to conclude that plaintiff has failed to exercise reasonable diligence in bringing the case to trial. Whereas in *Taylor* the plaintiff litigant had not maintained communication with his attorney and did not appear at a scheduled settlement conference, plaintiff here is not shown to have caused any such delays. In a case cited by respondent, *Lockhart-Mummery* v. *Kaiser Foundation Hospi-*

*tals* (1980) 103 Cal.App.3d 891 [163 Cal.Rptr. 325], the plaintiff's conduct fell below the reasonable diligence standard because "[h]e refused to name his party arbitrator and to deposit the necessary arbitration fee for three years." (*Id.*, at p. 895.) Here, upon filing the election, nothing more was required to be done by plaintiff in order to implement the arbitration. So too the instant facts are unlike those in *Davenport* v. *Vido Artukovich & Son, Inc., supra,* 141 Cal.App.3d 60, wherein plaintiff had failed to move the case along until filing an election to arbitrate with but fourteen days left in the five-year statutory period. Here, plaintiff filed its at-issue memorandum a little more than two years after filing the complaint and then filed the election to arbitrate with over two years remaining before expiration of the section 583, subdivision (b) five years. This, then, is not a case of delay by a plaintiff until just prior to the expiration of the five-year statutory period.

We do not embrace the principle proposed by plaintiff—that once a case is submitted to judicial arbitration nothing can be done to advance it or to remove it from the arbitration list. (Compare *Invicta Plastics, U.S.A., Ltd.* v. *Superior Court* (1981) 120 Cal.App.3d 190 [174 Cal.Rptr. 476] with *Brown* v. *Engstrom, supra,* 89 Cal.App.3d at pp. 523-524 and *Apollo Plating, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1019 at p. 1022.) Since a plaintiff has ". . . the duty at all stages of the proceedings 'to use due diligence to expedite his case.' [Citation.]" (*Lockhart-Mummery* v. *Kaiser Foundation Hospitals, supra,* 103 Cal.App.3d at p. 895), it is most dangerous to suffer such inaction as did plaintiff's counsel here. During the two years after filing of the election to arbitrate, he could, and should, have sought relief by written communication to the Los Angeles Superior Court Arbitration Administrator or by making a motion in the trial court for removal from arbitration and to advance for trial.

However, we note that this case was submitted to arbitration only a few months after the Judicial Arbitration Act of 1978 took effect. Thus, it could be expected that in the birth of the new arbitration program plaintiff would encounter uncertainties and a lack of established procedures. Once submitted to arbitration, whether the case could be advanced or removed from arbitration, even in view of the imminency of the section 583, subdivision (b) time period, well may have been unclear. (Cf. *Lockhart-Mummery* v. *Kaiser Foundation Hospitals, supra,* 103 Cal.App.3d at p. 898.) Although *Invicta Plastics, U.S.A., Ltd.* v. *Superior Court, supra,* 120 Cal.App.3d 190, held that a trial court properly granted a motion for removal from arbitration, it was not decided until June 9, 1981, which was only a few months before the five-year period expired here. Also, *Invicta Plastics* involved a removal under rule 1600.5(f) of the California Rules of Court where an action was found "to be not amenable to arbitration on the ground

that arbitration would not reduce the probable time and expense necessary to resolve the litigation," a ground which is different from the imminency of expiration of the five years for which arguably there is no justification for removal under the California Rules of Court.

So, too, we note that there was a pent-up demand for the new judicial arbitration with a large volume of cases waiting for the July 1, 1979, operative date of the legislation and an insufficient number of arbitrators as yet marshaled by a then understaffed arbitration administrator's office. Plaintiff did elect to arbitrate with apparently ample time remaining in the five-year period so that the matter could be wholly resolved well within the section 583, subdivision (b) time period. This would have been evident to plaintiff's counsel from a reading of rule 1605, California Rules of Court, which establishes a fast-paced scheme for assignment of a case to an arbitrator. Thus, plaintiff could justifiably believe its case would proceed rapidly through judicial arbitration and apparently did all required to direct it on that course. "Consequently, plaintiff's counsel was entitled to assume that official duty would be performed, and although his failure to make any inquiry . . . is not commendable, it is at least excusable. When all of the circumstances are weighed and considered, counsel's neglect was not of the magnitude to require a forfeiture of his client's rights." (*Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682 at pp. 687-688 [91 Cal.Rptr. 908].)

We view this case, as did the court in *Brown* v. *Engstrom, supra,* 89 Cal.App.3d 513, as an example of unusual, unexpected administrative delay in implementing arbitration proceedings. As in *Brown,* it was not clear that plaintiff had any means ". . . to escape from the unexpectedly slow-moving arbitration procedures over which [it] had no control . . . . [¶] The critical point presented in the instant case—which precludes a dismissal under Code of Civil Procedure section 583 to prevent an injustice—is the fact that the arbitration administrator, over whom the plaintiff had no control, took an extraordinary amount of time to provide a list of prospective arbitrators. This extraordinary circumstance made it impossible for the parties to proceed with arbitration and impossible to conduct a trial within the time reasonably contemplated." (*Id.,* at p. 524.)

A keystone of our decision is the absence during the time frame of 1979 to 1981 of recognized means and reasons to remove a case from arbitration. By now it should be clear from the *Lockhart-Mummery-Invicta Plastics-Davenport* holdings that a plaintiff's attorney may, and most advisedly should, take steps to prevent the section 583, subdivision (b) five-year period from expiring even though the case has been submitted to, and remains in, consensual arbitration. The same conduct of plaintiff's counsel which

constituted reasonable diligence just after the operative date of the Judicial Arbitration Act of 1978 may be found to fall short of that standard if it occurs in 1983. As the procedures under the Judicial Arbitration Act have been clarified by recent case law, inaction by counsel in a case such as this at bench becomes more objectionable as violative of the policy favoring early resolution of disputes.

However, under the facts here, we hold that the two years of administrative delay in the arbitration proceedings resulted in ". . . a case where it appeared impracticable, if not impossible, for the plaintiff to unilaterally remove himself from judicial arbitration and bring the matter to trial while the matter was still awaiting arbitration." (*Apollo Plating, Inc.* v. *Superior Court, supra,* 135 Cal.App.3d at p. 1022; cf. *Preston* v. *Kaiser Foundation Hospitals, supra,* 126 Cal.App.3d 402.)

The judgment (order) of dismissal is reversed.

Thompson, J., and Johnson, J., concurred.