[No. B014207. Second Dist., Div. Seven. Oct. 8, 1986.]

ELISABETH NIESNER, Plaintiff and Appellant, v.
HERMAN KUSCH et al., Defendants and Respondents.

**COUNSEL**

Murphy, Hoffman & Rupard, James C. Fedalen and Paul L. Rupard, Jr., for Plaintiff and Appellant.

William C. O'Donnell, Gerrity & Loftus and Harry J. Gerrity for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—Plaintiff, Elisabeth Niesner, appeals from a judgment of dismissal entered upon an order made pursuant to Code of Civil Procedure

section 583, subdivision (b),[1] for failure to bring the action to trial within five years after filing the action. The principal issue presented by this appeal is whether the five-year period of section 583, subdivision (b), was tolled during the period of time the case remained submitted to arbitration during the last six months prior to the expiration of the five-year statute, even though the case never had an arbitration hearing, but was in fact removed from the arbitration hearing list for alleged lack of action. Because we answer in the affirmative, we reverse.

## FACTS

The material facts are not in dispute. On January 9, 1980, plaintiff filed a complaint against defendants, Herman Kusch (Kusch), C.F.S. Service Corporation, and Coast Federal & Loan Association (the latter two collectively as CFS). In her complaint, plaintiff sought declaratory relief, quiet title, and damages for breach of contract and fraud. Each of the defendants answered and filed a cross-complaint against plaintiff, who in turn answered each cross-complaint.

The parties conducted routine discovery from June 1980 to August 1982. An at-issue memorandum was filed on August 12, 1982. On the same day, Kusch filed a noticed motion for preference under section 36, subdivision (a), on the ground that he had reached the age of 70. The trial court granted Kusch's motion on September 9, 1982, and set a trial setting conference for October 4, 1982.

At the trial setting conference on October 4, 1982, the trial judge set a mandatory settlement conference date of March 17, 1983, and a trial date of April 7, 1983, the parties having waived section 36, subdivision (e), requiring the case to be set for trial within 120 days.

On March 17, 1983, the trial court continued the mandatory settlement conference to March 23, 1983, after advising the parties that, unless the

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Section 583, subdivision (b), repealed effective January 1, 1985, governs the instant case, rather than section 583.310, under the provisions of section 583.160, subdivision (b), which provides in substance that a motion for dismissal made within one year after January 1, 1985, the effective date of the current statutory law, is governed by the applicable law in effect immediately before. However, the substance of section 583, subdivision (b), is continued in section 583.310. (See *Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 220, fn. 2 [213 Cal.Rptr. 132].)

Section 583, subdivision (b), provided: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

case was settled by the continued date, the case would be ordered to arbitration. The parties being unable to settle the case, the trial court on March 23, 1983, determined that the matter in controversy did not exceed $25,000, vacated the trial date, and ordered the matter to judicial arbitration.

On May 2, 1983, Arthur K. Marshall, a retired Los Angeles Superior Court Judge, was assigned to serve as arbitrator. On May 10, 1983, Judge Marshall gave written notice to the parties of his assignment and an arbitration hearing date of September 21, 1983. This hearing was never held. Instead, after learning that the case might be exempted from judicial arbitration under rule 1600.5(a) of the California Rules of Court, because plaintiff's complaint and CFS's cross-complaint contained prayers for equitable relief, the plaintiff took steps to remove the case from arbitration. These steps consisted of giving written notice of the exemption of the case from arbitration to the arbitration administrator and filing with the court a written stipulation signed by the attorneys of the parties agreeing to a restoration of the case to the civil active list. Nonetheless, on October 31, 1984, the case was taken off the arbitration hearing list because it appeared to the court that no further action had been taken on the case. This removal occurred four years, nine months and twenty-two days after the case was filed, thus leaving less than three months before the fifth anniversary of filing the complaint.

In early December 1984, plaintiff's present attorney substituted in as attorney of record, and received the files of plaintiff's former attorney on January 7, 1985, two days prior to the fifth anniversary of the complaint's filing.

On February 11, 1985, a new at-issue memorandum was filed. On February 22, 1985, despite her lack of success in obtaining an order shortening time to serve and hear the motion, plaintiff filed a noticed motion to restore the matter to the civil active list, for trial preference under section 36, subdivision (a), on the ground that plaintiff had reached the age of 74, and for a trial date. The motion was regularly heard on March 14, 1985. The trial court granted the motion to restore the matter to the civil active list, but dismissed the case on its own motion pursuant to section 583, subdivision (b), for failure to bring the case to trial within five years from the filing of the complaint. Plaintiff appeals from the order of dismissal entered on March 18, 1985.

DISCUSSION

I

Plaintiff contends that the five-year statute was extended for one hundred fourteen days while her case was pending in arbitration during the last six

months of the statute, and thus the dismissal of her case was premature. We find this contention meritorious.

A. *Historical Perspective of the Tolling Provisions of Section 1141.17*

In order to place the issue of tolling presented by this appeal in focus, a brief review of the legislative and decisional history of section 1141.17 is appropriate.

In 1978, the Legislature added chapter 2.5 "Judicial Arbitration" to title 3 of part 3 of the Code of Civil Procedure (§§ 1141.10-1141.32) by Statutes, chapter 743, section 2, operative July 1, 1979. This chapter provides for judicial arbitration proceedings as an alternative to trial for civil claims not exceeding a certain monetary amount. As originally enacted, section 1141.17, a part of chapter 2.5, provided that "[s]ubmission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award." (Added by Stats. 1978, ch. 743, § 2, p. 2303; see *Crawford* v. *Hoffman* (1982) 132 Cal.App.3d 1015, 1017 [183 Cal.Rptr. 599].)

In accordance with statutory authorization and direction, the Judicial Council amended rules 1600 through 1617 of the California Rules of Court, effective July 1, 1979. (See § 1141.14.) In connection with the tolling provisions of section 1141.17, rule 1601(d), prior to its deletion in 1984, provided that when an action "is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure." (See *Carpenters So. Cal. Administrative Corp.* v. *Surety Co.* (1983) 145 Cal.App.3d 245, 248, fn. 3 [193 Cal.Rptr. 308]; *Crawford* v. *Hoffman, supra,* 132 Cal.App.3d at p. 1018.)

However, the view adopted in rule 1601(d) of the tolling provisions of section 1141.17 did not go unchallenged. For example, in *Crawford* v. *Hoffman, supra,* 132 Cal.App.3d 1015, the defendant contended that "submission to arbitration" for purposes of the tolling provision of section 1141.17 referred only to the date on which the case was ordered to arbitration. Although the statute could be so interpreted, the *Crawford* court nonetheless determined that the date of the order submitting the case to arbitration is logically inconsequential. In addition, the *Crawford* court interpreted, like the Judicial Council did, the phrase "submission to arbi-

tration" in the statute to mean the period of time that the case was under the jurisdictional processes of court-ordered arbitration. (*Id.*, at pp. 1018-1019.) The *Crawford* interpretation was adopted in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 234-235, footnote 5 [197 Cal.Rptr. 546, 673 P.2d 216], where the Supreme Court succinctly stated that "if an action is referred to arbitration or if arbitration is pending during the six-month period preceding a section 583 deadline, the tolling provision of section 1141.17 is applicable."

In 1983, after the decision in *Crawford,* the Legislature amended section 1141.17[2] to read as follows: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Section 583, except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in subdivision (b) of Section 583." Looking at the language of the amended statute, it is apparent that, except for minor modifications, it embodies the *Crawford* decision approving rule 1601(d) in its implementation of former section 1141.17. In fact, Witkin concludes that "[t]he amended statute rendered former Rule 1601(d) . . . unnecessary, and it was deleted in 1984." (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 160, pp. 469-470.)

B. *Applicability of Section 1141.17, as Amended, Effective January 1, 1984*

Turning to the instant case, the record shows that the complaint was filed on January 9, 1980, the case was ordered to arbitration on March 23, 1983, and the case remained in arbitration until October 31, 1984. Thus, the case remained on the arbitration hearing list one hundred fourteen days beyond four years and six months from the date of its filing. Although the five-year period would normally have ended on January 9, 1985, due to the arbitration, it was extended through approximately May 3, 1985. Thus it was error for the trial court to dismiss this case on March 18, 1985, because the five-year period of section 583 had not then expired.

Nonetheless, defendants argue that the tolling provisions of section 1141.17, as amended effective January 1, 1984, are not applicable in the instant case because arbitration in fact never occurred, an arbitration award

---

[2]Section 1141.17 was also amended in 1984 to correct its cross-reference to the revised dismissal statute. (Stats. 1984, ch. 1705, § 6.)

was therefore impossible, and a timely request for trial de novo could not be made. We find this argument is without merit.

There is nothing in the wording of the statute to suggest that all three events must be present in order for the tolling provisions of the statute to apply. From a fair reading of the statute and its plain meaning, it is clear that, if an action "is or remains submitted to arbitration" more than four years and six months after the plaintiff has filed the action, tolling begins on the date four years and six months after the action was commenced. (See Robinson & Warnlof, Practicing Cal. Judicial Arbitration (Cont.Ed.Bar 1985 Supp.) § 2.22, pp. 9-10.) This was the interpretation given by the courts to the phrase "submission to arbitration" in the former statute even though the phrase is not defined in the statute or any other provision in chapter 2.5. (See, e.g., *Moran* v. *Superior Court, supra,* 35 Cal.3d at pp. 234-235, fn. 5; *Apollo Plating, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1019, 1021-1022 [214 Cal.Rptr. 3]; *Crawford* v. *Hoffman, supra,* 132 Cal.App.3d at p. 1019.) In *Apollo Plating, Inc., supra,* 135 Cal.App.3d at pages 1021-1022, the court held that the tolling provisions of former section 1141.17 apply while a case is pending in arbitration even though no arbitration award has yet been made. Thus the Legislature incorporated the interpretation developed by case law and adopted by the Judicial Council in repealed rule 1601(d), except for minor modifications, into the amended statute.

Moreover, under the amended statute, the tolling continues until a request for trial de novo is filed under section 1141.20. This is not to suggest, however, that tolling cannot end sooner. For example, the arbitration process may be ended on motion of one of the parties. (See, e.g., *Invicta Plastics, U.S.A., Ltd.* v. *Superior Court* (1981) 120 Cal.App.3d 190 [174 Cal.Rptr. 476]; accord, *Carpenters So. Cal. Administrative Corp.* v. *Surety Co., supra,* 145 Cal.App.3d at p. 250.)[3]

Thus we conclude that if an action is referred to arbitration or if arbitration is pending during the six-month period preceding a section 583 deadline, as here, the tolling provision of section 1141.17, as amended effective January 1, 1984, is applicable.

C. *Applicability of Reasonable Diligence*

Defendants claim that plaintiff failed to exercise reasonable diligence and thus the trial court did not err in dismissing the case under section 583, subdivision (b).

---

[3]This case was previously entitled *"American Benefit Plan Administrators, Inc.* v. *Surety Company of the Pacific."* (*Id.,* at p. 245.)

We find this argument without merit. Unlike the former statute, which did not expressly distinguish between the two-year dismissal statute and the five-year dismissal statute, section 1141.17, as amended effective January 1, 1984, expressly seeks to protect a litigant from the harsh rule of mandatory dismissal under the five-year statute while the case is in arbitration during the last six months of the five-year statute. Thus a plaintiff is protected from the diligent prosecution five-year statute simply because the case is on the arbitration list during the last six months of the statutory five-year period and thereafter. (See, e.g., *Crawford* v. *Hoffman, supra,* 132 Cal.App.3d 1015.)

However, although such protection under section 1141.17 deprives the court of the power to dismiss under section 583, subdivision (b), while a case is pending in arbitration within six months of the statute's deadline, it does not take away the discretionary powers of the trial court to dismiss under section 583, subdivision (a)—the two-year dismissal statute—during this period. (See, e.g., *D'Hondt* v. *Regents of University of California* (1984) 153 Cal.App.3d 723, 729-730 [200 Cal.Rptr. 628].) Under its discretionary power to dismiss, the trial court may not only consider the plaintiff's conduct prior to submission to arbitration but may also consider the activities of the plaintiff while the matter is submitted to arbitration. (*Ibid.*) In short, the reasonable diligence of the plaintiff is placed in issue under the two-year dismissal statute, but not under the five-year dismissal statute, while a case is pending in arbitration during the last six months of the statutory five-year period.

Turning to the record in the instant case, it is clear that the trial court dismissed the case under section 583, subdivision (b), taking into consideration the conduct of the plaintiff while the case was pending in arbitration during the last six months of the statutory five-year period. The following dialogue between counsel and the court makes this very clear.

"THE COURT: Okay. I'm going to—just to clarify the record, which I still am not sure is clear as to what the status is, I'll make an order restoring this to the civil active list. But I think the case has to be dismissed, and I would so order it dismissed.

"I don't think there has been any diligence at all in the way the thing has been processed.

"MR. FEDALEN: In other words, Your Honor, the Court is finding that the five years did run on January 9 without any extension due to the fact that the case remained on the arbitration hearing—

"THE COURT: That's correct. I don't find any of the type of things covered in the Moran case even remotely applying to the situation."

We therefore conclude that the trial court erred in not extending the five-year period to include the time the case was pending in arbitration during the last six months prior to the expiration of the five-year period, and in considering the conduct of plaintiff during this period in applying section 583, subdivision (b).

## II

Plaintiff also contends that the trial court abused its discretion in denying her motion for trial preference under section 36, subdivision (a).

However, the record shows that, after the court granted the plaintiff's motion to restore her case to the civil active list, the court then dismissed the case on its own motion pursuant to section 583, subdivision (b). Thus the trial court did not reach the motions of the plaintiff for trial preference under section 36, subdivision (a), and for a trial date.

Because this case must be returned to the trial court, we will deal with these matters for the guidance of the court.

Unlike section 36, subdivision (d), where the granting or denying of a motion for trial preference lies in the sound discretion of the trial court (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 [228 Cal.Rptr. 504, 721 P.2d 590]; *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554 [194 Cal.Rptr. 773, 669 P.2d 9]; *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361]), section 36, subdivision (a), requires a trial court to give preferential trial setting to any civil case upon the motion of a party to that action who has reached the age of 70, irrespective of the circumstances leading to the motion for preference. (*Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81, 85 [185 Cal.Rptr. 853].)

In *Rice,* plaintiff, an 80-year-old woman in a personal injury action, sought to compel the trial court to allow her trial preference under section 36, subdivision (a). The trial court denied her motion for preference on the ground plaintiff had obtained a preferential trial date in a prior, identical action but had relinquished it when her counsel dismissed that action, filed the present action and sought trial preference solely to circumvent the refusal of the master calendar judge in the prior action to grant a one-week continuance until plaintiff's physical condition improved sufficiently for her to be present at trial. In granting the petition of plaintiff for a writ of mandate requiring the trial court to grant plaintiff's motion for preference, the *Rice*

court concluded "that the language of section 36, subdivision (a) of the Code of Civil Procedure was intended by the Legislature to be mandatory and thus requires that a litigant qualifying under its terms be given preferential trial setting irrespective of the circumstances leading to the motion for preference." (*Id.*, at p. 84.)

But assuming for the purpose of argument that the diligence of the plaintiff becomes a factor at the time the trial court hears the motion for preference, we are unable to conclude from the circumstances of the instant case that plaintiff has failed to exercise reasonable diligence in bringing the case to trial. We realize that a determination of due diligence requires an examination of the circumstances existing throughout the five-year period. (*Cannon* v. *City of Novato, supra,* 167 Cal.App.3d at p. 223.) However, evaluating the facts of this case by the reasonable diligence standard, plaintiff's conduct appears to be sufficiently diligent.

There can be no real dispute that plaintiff acted diligently in prosecuting her action up to the point the case was ordered into arbitration on March 23, 1983. Defendants argue, however, that plaintiff's failure during the time the case was pending in arbitration to make a motion for its removal constitutes a lack of due diligence. However, defendant confuses reasonable diligence with success. Here, the plaintiff, after learning that the case might be exempted from judicial arbitration under rule 1600.5(a), gave written notice of the exemption to the arbitration administrator and filed with the court a written stipulation of the parties agreeing to the removal of the case from arbitration. The fact that these efforts proved unsuccessful should not diminish from the reasonable diligence shown by the plaintiff. In fact, the plaintiff followed one of the suggestions made in *Carpenters So. Cal. Administrative Corp.* v. *Surety Co., supra,* 145 Cal.App.3d at page 250, that "[plaintiff] could, and should, have sought relief by written communication to the Los Angeles Superior Court Arbitration Administrator or by making a motion in the trial court for removal from arbitration and to advance for trial." Hence, unlike *Wilson* v. *Sunshine Meat & Liquor Co. supra,* 34 Cal.3d at page 562, where the Supreme Court found an appalling absence of diligence on Wilson's part, this, then, is not a case of neglect or delay.

Moreover, the declared legislative purposes of judicial arbitration are set forth in section 1141.10, subdivision (a), which provides: "The Legislature finds and declares that litigation involving small civil claims has become so costly and complex as to make more difficult the efficient resolution of such civil claims that courts are unable to efficiently resolve the increased number of cases filed each year, and that the resulting delays and expenses deny parties their right to a timely resolution of minor civil disputes. The Legislature further finds and declares that arbitration has proven to be an

efficient and equitable method for resolving small claims, and that courts should encourage or require the use of arbitration for such actions whenever possible."

We are unable, however, to find in these stated purposes the notion that the arbitration process should be used to facilitate the use of the dismissal statutes in order to terminate litigation. Nonetheless, some defendants treat the arbitration alternative as an opportunity to enhance this possibility. Courts therefore must be constantly alert that they are not part of this misguided endeavor, but rather are jealous guardians of the true purposes of judicial arbitration.

At the time the motion for preference was heard on March 14, 1985, 50 days remained until the new, extended section 583, subdivision (b), dismissal date would expire. However, because the motion for preference must be returned to the trial court for a hearing and determination, which will occur after January 1, 1986, new section 583.350 is applicable. (See Practicing Cal. Judicial Arbitration, *supra,* § 2.20, p. 9.) That section provides: "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension." (See, e.g., *Him* v. *Superior Court* (1986) 184 Cal.App.3d 35, 39 [228 Cal.Rptr. 839].)

CONCLUSION

For the foregoing reasons, the judgment of dismissal is reversed and the cause remanded for further proceedings. The trial court is instructed to hear plaintiff's motion for preferential trial setting under section 36, subdivision (a), in accordance with the views expressed herein. Plaintiff shall recover costs on appeal.

Lillie, P. J., and Johnson, J., concurred.